IN THE

# SUPREME COURT OF ERRORS

OF THE

## STATE OF CONNECTICUT.

| 19 | 1 |
| 61 | 381 |
| 19 | 1 |
| 65 | 291 |

LEAVENWORTH and another *against* MARSHALL and others.

An appeal from the decree of a court of probate in the settlement of an estate, cannot be taken to an adjourned term of the superior court.

THIS was an appeal from certain decrees of the court of probate, made and passed on the 1st day of *December,* 1846; one allowing and settling the account of the executrix of *Preserved Marshall,* deceased ; another authorizing and directing her to sell real estate, either at public or private sale, sufficient to raise the sum of 812 dollars, 91 cents; and the other, accepting and approving her return of the sale. The appellants were described as inhabitants of the state of *Indiana,* and claimed as residuary legatees and devisees under the will of *Preserved Marshall.* The appeal was taken to the superior court next to be holden by adjournment, at *Hartford,* in and for *Hartford* county, on the first *Monday* of *March,* 1848.

The court of probate found, that the appellants were not inhabitants of this state ; and that they were not present, and had no notice to be present, at the making of any of said decrees ; and that they were interested, in the manner claimed by them.

VOL. XIX.                    1

*Hartford,*
*June, 1848.*

Leavenworth
*v.*
Marshall.

The appellees pleaded in abatement of the appeal, that it was taken on the 22nd day of *February*, 1848, and not until after the commencement of the regular and stated term of the superior court commencing on the second *Tuesday* of *January*, 1848, and was never any otherwise taken than to the superior court then next after said appeal to be holden by adjournment at *Hartford*, in and for *Hartford* county, on the first *Monday* of *March* 1848; whereas said appeal should have been taken to a regular and stated term of said court.

To this plea the appellants demurred; and the case was thereupon reserved for the advice of this court.

*Hungerford*, in support of the demurrer, after remarking that the proceeding by appeal is regulated entirely by statute, contended, that by the term " next court," as used in our statutes, is meant the next *stated* term of that court, and not a court holden by adjournment. From a justice an appeal is taken to the next county court. *Stat.* 48. *s.* 23. From the county court to the next superior court. *Stat.* 57. *s.* 62. From the court of probate to the superior court; and if the party aggrieved was present, or had due notice to be present, the appeal is required to be taken to the *next* superior court. In all these cases, the stated term of the court is meant. *The Commonwealth* v. *Sessions of Norfolk*, 5 *Mass. R.* 435. *Anon. Id.* 197. *Fellows* v. *Carpenter*, *Kirby*, 366. 2 *Sw. Syst.* 96.

*Hooker*, contra, insisted, That the appeal was properly taken.

In the first place, adjourned terms are specially authorized by statute, and are regarded in practice as very different from parts of a stated term. *Stat.* 119, 120. See also stat. of 1842. *p.* 25. *Hawley* v. *Parrott*, 10 *Conn. R.* 486. 488.

Secondly, an adjourned term is the same as a regular term, as to all original suits brought to it. *Hawley* v. *Parrott*, ubi sup.

Thirdly, an appealed cause is one *brought* to the court to which the appeal is taken. 6 *Conn. R.* 149. 419. The case

of *Fellows* v. *Carpenter*, *Kirby* 364, does indeed decide, that an appeal to an adjourned term will not lie. But this case is very ancient, and of little authority ; is confined to an appeal from a justice ; and is in a measure overruled, by *Hawley* v. *Parrott*, above cited.

*Hartford,*
June, 1848.

Leavenworth
*v.*
Marshall.

Fourthly, an appeal from probate is unlike other appeals, in some important incidents. The appeal is not taken immediately upon the judgment of the lower court, as in other cases, but may be taken, under certain circumstances, at any time within three years thereafter ; and in the case of infants, within eighteen months after they become of age. *Stat.* 236. *s.* 36, 37. All other appeals must, by statute, be taken to the *next court.* *Stat.* 48. *s.* 23. 57. *s.* 62. As to appeals from probate, there is no such designation of the term, leaving all the range that is given to original suits. *Stat.* 236. *s.* 36. 139. enacted in 1836. And notice to the appellees is required, as in original actions. The fair inference from these considerations, is, that the rules which govern other appeals, are not applicable to appeals from probate.

Storrs, J. The question presented in this case, is, whether an appeal from a judgment or order of a court of probate, in the settlement of an estate, can be taken to an adjourned term of the superior court : and the decision of it depends on the true construction of the statute, giving the right of appeal from such judgments or orders, (*tit.* XXXI. Estates. *s.* 36. *p.* 236.) which provides, that " if any person shall be aggrieved, by any order, sentence, denial, or decree, or judgment, of a court of probate, in the settlement of an estate, such person may appeal therefrom to the superior court in the county where such court of probate is holden." The construction of this provision is not affected, by the next preceding one, which merely provides within what time such appeal shall be made ; requiring, in some cases, that it shall be to the next superior court after the judgment of the probate court is rendered, and, in others, allowing a longer time after such judgment. It is plainly the intention of the statute, that, whenever the appeal is taken, it shall be to the next superior court holden after such appeal. Such is its very language where the persons aggrieved are of full age and present, or have legal notice to be present, when the judg-

*Hartford,*
June, 1848.

Leavenworth
*v.*
Marshall.

ment of the probate court is rendered ; and we think, that such is also its evident meaning in relation to appeals by others. But the question still remains, whether it contemplated an appeal to any other term of the superior court than a regular, stated term, or one prescribed by statute.

By the general rules for the construction of statutes, where a statute makes use of a word the meaning of which is well known, and has a definite sense at the common law, the word shall be expounded and received in the same sense in which it is understood at the common law. 6 *Mod.* 143. 2 *Inst.* 736. Statutes also are to be construed with reference to the principles of the common law. The expositors of a statute are also to approach as near as they can to the reason of the common law. *Plowd.* 365. And the best interpretation of a statute, is, to construe it as near to the rule and reason of the common law as may be, *and by the course which that observes in other cases.* 1 *P. Wms.* 252. 2 *Inst.* 148. 301. 1 *Saund.* 240. *Nares* v. *Rowles,* 14 *East,* 510. These rules, especially the last, are applicable to the statute which has been recited, when it speaks of the court to which the appeal is to be made. By the principles of the common law, a term of a court, of however many days such term in fact consists, is deemed to constitute but one day, and that is the first day on which the term is holden ; and all the acts of the court, during the term, have relation back to that day. Each and all of the successive days of the term, are, in legal contemplation, only a continuation and part of the first ; and this is so, whether the court is adjourned from day to day, or for a longer time. Hence, in pleading, a court is described as having been holden on the first day of the term, and all its proceedings to have taken place on that day. This doctrine is, however, only a legal fiction, and although adopted for purposes of general justice and convenience, is subject to the rule which universally prevails in regard to all other fictions, that where, for the purposes of justice, it becomes necessary to shew that the fact, which, by the fiction, is supposed to exist, is inconsistent with the truth, the real fact may be shown, and the fiction shall not prevail against it ; in accordance with which rule the true time when any legal proceedings took place, may be shown, where justice requires it.

*Littleton* & al. v. *Cross* & al.   3 *B. & C.* 317.   *Johnson* v. *Smith,* 2 *Burr.* 950.   *Cutler* v. *Wadsworth,* 7 *Conn. R.* 6.

We discover no reason for believing that it was the intention of the legislature to allow appeals from courts of probate to be made to any other than the regular statutory terms of the superior court. On the contrary, judging from the object which they appear to have had in view in the statutes allowing adjourned terms of that court, we infer, that such was not their intention. It evidently appears from the phraseology of that statute, that its design was, to enable that court to dispose of more of the business pending before it than it could at its stated terms, rather than to furnish an opportunity to bring new causes to that court. It is, therefore, reasonable to believe, that they used the word "court" agreeably to the notions which the common law attaches to it in regard to the mode of its existence and duration; and we are induced to apply to it the general theory of that law, which refers all the proceedings which take place in it, to a single day only, and that the first of the term. It would be obviously inconsistent with that theory so to construe the statute in question as to allow an appeal in this case to an adjourned term of the superior court, as it would contemplate that the court is in session on successive days, suppose it to continue its term beyond the period allowed by law, and thus sanction proceedings in it at a time when the law does not recognize it as being in session. In accordance with the rule of construction which we have adopted, it was decided in *Fellows* v. *Carpenter, Kirby,* 364., that under the statute allowing an appeal from the judgment of a justice of the peace to be taken to the "next county court," such appeal could not be taken to an adjourned term of that court; on the ground that the statute "had reference to the next stated term, and not to an adjourned term, which is properly but a continuation of a term." In respect to the point before us, the statutes on which that and the present question depends, are substantially alike, and should receive a similar construction. The same construction was adopted in respect to similar statutes, in *Commonwealth* v. *Sessions of Norfolk,* 5 *Mass. R.* 635. and *Anonymous, Id.* 197.

If we were at liberty to depart from this rule of construction, we should feel no inclination to allow appeals to be

*Hartford,*
June, 1848.

*Leavenworth
v.
Marshall.*

made to adjourned terms.   We perceive no ground of convenience, much less of necessity, which requires it ; and we should fear that the adoption of such a principle might have the effect of entrapping or misleading parties in regard to the terms of the court to which appeals should be brought. The times of holding the regular statutory terms of courts being prescribed by law, are known to all the members of the community ; while adjourned terms, being usually directed with more especial reference to the business then pending, might, and probably would, be unknown to the public at large ; and there would be danger that by mistake appeals would be taken to the regular instead of adjourned terms ; and if appeals to an adjourned term are allowed, it is difficult to see, on principle, why it would not be necessary to bring them to the next adjourned term, since that would, under such a construction of the statute, be the next court ; and an appeal to the preceding regular term would be liable to the objection of overleaping a term of the court, which would be opposed to the general policy of the law, and to the intention of the statute allowing appeals.   We do not, however, intend to express an opinion on the question, whether it is at the option of the plaintiff to bring original suits either to the next adjourned or statutory term of a court.   It is unnecessary here to determine what effect the decision in *Hawley* v. *Parrott* & al. 10 *Conn. R.* 486. may have on that question.   That case is relied on, by the appellants, as overruling *Fellows* v. *Carpenter*, and adopting the principle that appeals, as well as original suits, may be brought to an adjourned term.   It however does not, and was not intended to, go to that extent.   That was the case of an original suit, not depending on the construction of any particular statute ; and even there it was with the greatest reluctance that the court felt compelled to decide that it might be brought to an adjourned term, as is obvious from the terms in which they express their judgment.   The court are particular to say, that they place their decision on the ground that such had been the long, uniform, and unquestioned practice in cases of original suits, and that, by disturbing it, they would shake the foundations of many titles, and impair the confidence of the community in the stability of judicial proceedings ; adding, that were that practice then

for the first time sought to be introduced, they might well hesitate before they should allow it; and that it is exceedingly difficult to reconcile it with the theory of the law. No such ground can be urged, by the appellants in this case, since as far as our knowledge or information extends, no appeal from the judgment of a court of probate has been hitherto attempted to be taken to an adjourned term of the superior court; which also strongly confirms us in the construction of the statute which we have adopted.

*Hartford,*
*June, 1848.*

Leavenworth
*v.*
Marshall.

The superior court should therefore be advised, that the plea in abatement is sufficient.

In this opinion the other Judges concurred.

*Plea in abatement sufficient.*