THE WARDENS AND VESTRY OF TRINITY CHURCH, IN PORT-LAND, *vs.* HALL AND ANOTHER.

In an appeal from a decree of a court of probate, the reasons assigned by the appellant were founded upon the action of the court, in allowing and settling an administration account. The appellees, in their answer, departed from the issue thus proved, and replied, that the appellants had no interest in the estate in settlement. It was held, that such objection was a preliminary one, and should have been made, before the truth and sufficiency of the reasons of appeal were heard and decided.

The name of a voluntary ecclesiastical corporation, formed under the laws of this state, without a special legislative act of incorporation, is arbitrary, and a change or alteration in its name, does not affect its identity.

Wardens and vestry are the known and recognized representatives and committee of Episcopal societies; and a bequest to wardens and vestry, is a bequest to the society itself, or to them, as trustees for its use.

It is immaterial, whether appeals from probate decrees, taken for the benefit of such societies, are taken in their own names, or in the names of such wardens and vestry.

In the year 1789, an Episcopal society was formed in the town of C, under the statute relating to ecclesiastical societies. No name was ever formally adopted by the society, but, under various changes, it was called by some descriptive designation. Since the year 1841, it has generally been called, in the records, " Trinity Church in Portland." Having occasion to borrow money, the society authorized the wardens and vestry-men to make loans; and the latter borrowed certain sums of money, for which they executed promissory notes, as such officers of the society; but, with the exception of such notes, there was no evidence, that said society was ever called, the " wardens and vestry of Trinity Church." The wardens and vestry, in behalf of such society, which was a beneficiary, under the will of a de-

ceased person, entered an appeal, for its benefit, from a decree of a court of probate, allowing the administration account on the estate of such deceased. No vote of the society was ever passed, authorizing the wardens and vestry, either to take the appeal, or to prosecute the same; and the only power conferred upon them, was that which the usages and customs of societies of that denomination confer upon such officers. Held, that the interest, which the society originally had, under the will of the deceased, continued, under all the variety of names, by which it had been known, and that the appeal, so taken, was essentially the act of such society.

THIS·was an appeal, taken in the name of the " wardens and vestry of Trinity church, Portland, formerly known as the Episcopal church in the First Society of Chatham," from a decree of the court of probate for the district of Chatham, allowing the administration account of Samuel Hall, surviving executor of ·the last will and testament of John Shepard, deceased. During the pendency of the settlement· of said account, said Samuel Hall died, leaving a last will and testament ; and Alfred Hall and S. Nelson Hall were named therein, as executors, to whom appertained the· completion of the settlement of the estate of·said John Shepard.

The court, in allowing said appeal, found, that the appellants were interested in the estate ,of said deceased.

The appellants assigned, for reasons of appeal, the allowance of certain items charged, and the disallowance of certain credits, in said administration account.

In answer to the reasons of appeal, the appellees replied, that said wardens and vestry had not, at any time, either when said decree was passed, or when said pretended appeal was taken, any right or title to the estate of said deceased, or any part thereof, or any claim against the same, and were not aggrieved by said decree, and were not a corporate body, or known in the law ; and further replied specifically to each item, which the appellants claimed should have been embraced in, or excluded from, said administration account.

The appellants rejoined, that they were not bound to an-

swer the allegations, regarding the want of interest; and, as to all the other allegations, that they were not true.

On the trial, the appellees offered in evidence, the will of said John Shepard, and also offered witnesses, to prove, that said appellants had not, at any time, either before or since the appeal, any right, title or interest in the estate of the testator, and were not aggrieved by said decree. To the admission of this evidence, the appellants objected, on the ground that it came too late, and that the alleged want of interest should have been pleaded in abatement. The court sustained the objection, and rejected the evidence.

The appellees, claiming that the court erred, in rejecting the evidence, and in proceeding to render judgment disaffirming said decree, moved for a new trial.

The parties, for the purpose of enabling them to take the opinion of the court, upon the effect of the evidence offered, should they be of opinion, that the same ought to have been received, in that stage of the proceedings, consented, that the same might be received, and the same was accordingly admitted, and was, in substance, as follows :

In the year 1789, an Episcopal society was formed, in the town of Chatham, by the voluntary association of individuals, under the general statute relating to ecclesiastical societies, and without any special act of incorporation. No name was ever formally adopted by the society, but, it was generally called, by some name descriptive of the society, which, from time to time, was varied. In the records of the society, it was described under different names, as " the Episcopal Society in Chatham;" "the Church in Chatham;" "the Episcopal Church in the First Society in Chatham ;" "the Protestant Episcopal Church in the First Society in Chatham," &c. About the year 1832, the society erected and dedicated a new house for public worship, which they called " Trinity Church," which name was afterward generally given to the society. In the year 1841, the old town

of Chatham was divided, and that portion of the town, in which the church was situated, was incorporated by the name of Portland, and the society was afterward generally called in their records, " Trinity Church in Portland."

The society, having occasion to borrow money, authorized the wardens and vestrymen to make loans ; and the latter, as the officers of said society, borrowed of the said Samuel Hall, certain sums of money in his hands, as surviving executor, as aforesaid, for which they executed and delivered to him certain promissory notes ; which moneys were, by them, borrowed for the use and benefit of said society, and were, by the said Hall, charged in his account, as moneys loaned to said society. But, with the exception of said notes, there was no evidence, that said society had ever been called by the name of the " Wardens and Vestry of Trinity Church."

The wardens and vestry kept a record book, in which their doings were entered, separate from that containing a record of the proceedings of the society, when assembled together.

When the administration account of the appellees was exhibited to the court of probate, for settlement, the wardens and vestry of said society appeared for and in behalf of said society, as the proper officers thereof, and defended against the claims of the appellees. And when said decree, approving said account, was made, the said wardens and vestry, as such officers, entered an appeal, for and in behalf of said society, and have, ever since, prosecuted the same, for the use and benefit of said society, and for no other purpose whatever.

But no vote of the society was ever passed, authorizing the wardens and vestry, either to take the appeal, or prosecute the same ; and no powers were conferred upon them, in relation to said appeal, other than the general powers conferred upon such officers, by the usages and customs of so-

The Wardens and Vestry of Trinity Church *v.* Hall and another.

cieties of that denomination. But a report of the wardens and vestry, containing an account of the expenses of said appeal, was laid before the society, at a regular meeting, holden after the appeal was taken, but no vote of the society was passed thereon.

The motion of the appellees was thereupon allowed ; and the following questions were reserved, for the consideration and advice of this court :

First, whether said evidence was legally admissible, under said issue, for the purpose for which it was offered ?

And secondly, If it was, whether it was sufficient to show such a want of interest in the appellants, that said appeal ought to have been dismissed ?

*Ingham* and *Whittlesey*, for the motion, contended, 1. That the issue tendered by the appellees, in that stage of the proceedings, was legal and proper, because the existence of interest in the appellant, in the subject matter, alone gives the right of appeal. Stat. 1849, p. 213. And no person can be aggrieved, in the statutory sense' of the term, unless he is legally interested ; and this interest must appear in 'the motion for appeal. *Swan* v. *Wheeler,* 4 Day, 140. *Saunders* v. *Denison,* 20 Conn. R., 521. And when appealed, the whole cause presented below is open for trial, *de novo,* in the superior court. *Fourth Ecclesiastical Soc. in Middletown* v. *Mather,* 15 Conn. R., 600.

2. That the pleadings and practice, on appeals from probate, are peculiar. There are no technical pleas in abatement, and no general issue, but the pleadings are in the nature of special pleadings, and the issues are special issues. A special issue is formed by a denial of some one material allegation in the declaration, which goes to the gist of the action, and this is a special issue. 1 Chitty's Pl., 472. 1 Swift's Dig., 631.

3. That in this case, the question of interest is matter of substance, and belongs to the merits of the appeal.

The Wardens and Vestry of Trinity Church *v.* Hall and another.

"Wardens and vestry," *ex vi termini*, expresses the name of a class of officers in the church ; and in this case, the evidence showed that they were not devisees as such, or as trustees. The church had the legal interest, and the appeal must therefore be taken in its name. *Piggott* v. *Thompson*, 3 B. & P., 147. *Townsend* v. *Hoyle*, 2 Conn. R. 1 Smith's Merc. Law, 133. *Bower* v. *Morris*, 3 Taunton, 374. Angell on Corporations, 651.

4. That whenever courts in any stage of a cause, discover that they have no jurisdiction, they are bound to dismiss it. 1 Swift's Dig., 606.

*Bulkeley* and *Tyler*, contra, contended, *First*, That the question, whether the appellants have any interest in this estate, goes only to their disability. It is, therefore, preliminary, and to be settled before the reasons of the appeal are determined. Evidence offered by appellees, therefore, was not admissible. *Phœnix Bank* v. *Curtis*, 14 Conn. R., 437. Angell and Ames on Corporations, 388. 2 Chitty's Pleadings, 440. *Jones* v. *Bank of Tennessee*, 8 B. Monroe, 122. *Bank of Metropolis* v. *Orme*, 3 Gill, 443. *Stone* v. *Berkshire Congregational Soc.*, 14 Vt. R., 86. *Medway Manuf. Co.* v. *Adams*, 10 Mass. R., 363. *Gilbert* v. *Pres. & Cash. Nantucket Bank*, 5 Mass. R., 97. *Meth. Epis. Church* v. *Wood*, 5 Ham., 286.

*Secondly*, That the evidence shows no such want of interest, as will defeat the appeal. Angell and Ames on Corp., 377, 81, 86, 87. *Sutton* v. *Cole*, 3 Pick., 232. *Savage Manuf. Co.* v. *Armstrong*, 5 Shep. 7 Mass. R., 444. *Sherman* v. *Proprietors of Conn. River Bridge*, 11 Mass. R., 338. *Woodson* v. *Bank of Gallipolis*, 4 B. Monroe, 203. 6 *id.*, 601. 8 *id.*, 122.

CHURCH, C. J. The appellees, in answer to the reasons of appeal, given by the appellants, aver, that the appellants had not, and have not, any interest in the estate in settle-

ment, and therefore have no right to prosecute this appeal. It is manifest, that this constitutes no valid answer to the reasons, although it might have been, in itself, a good cause for setting aside the appeal, under a proper motion, or application, made in due season.

The reasons of appeal are founded upon the action of the court of probate, in settling and allowing an administration account, and these present the only issue to be tried by the supreme court. The appellees depart from this issue, and avoid it, by presenting a new and independent one, *viz.*, whether the appellants had an interest in the estate of John Shepard? This is rather in the nature of a plea in abatement, denying the capacity of the appellants, to take and prosecute the appeal. It was a preliminary objection, and should have been made and disposed of, before the truth or sufficiency of the reasons of appeal was heard and decided. *Trustees of M. E. Church* v. *Tryon*, 1 Denio, 451. *Mayor &c.* v. *Bolton*, 1 Bos. & Pull, 40. *Phœnix Bank* v. *Curtis*, 14 Conn. R., 437.

The superior court so determined, and thereupon excluded the evidence, offered to prove the want of interest in the appellants, upon a hearing of the reasons of appeal; but, at the same time, *ex gratia*, permitted the appellees to offer their evidence, as presenting a question of law, proper for the consideration of this court.

From the record, it appears, that the appellants claim, as wardens and vestry of Trinity church, Portland, and that the court of probate found, that as such, they had an interest in the matters in dispute, as devisees or legatees, under the last will and testament of John Shepard. What are the terms of that will, and how the appellants, or their interests, are described in it, does not appear; but we must infer, that it contained some bequest, either to the wardens and vestry, or otherwise, for the benefit of the Episcopal society in Chatham, now Portland.

The evidence offered shows, that a legally constituted

Episcopal society had existed in Chatham, for many years, under different names, all descriptive of its character, and, after the town of Portland was constituted, under the name of Trinity church, Portland, by which it is now known, and by which name, the appellees have recognized it. This society was a voluntary corporation, constituted under our laws, but without a special legislative act of incorporation, and without an established name. Names, in such case, are arbitrary, and do not at all affect the identity of the corporation. This society, originally established in the same locality, in the town of Chatham, has preserved its succession and identity, from the beginning, and is the same society now, as it was, when it became interested in the will of John Shepard.

It is found, that the wardens and vestry of this society appeared before the court of probate, for and in behalf of the society, as its proper officers, and defended against the claims of the appellees, and, in the same capacity, and for the benefit of the society, they have taken and now prosecute this appeal, and all this, known to the society, and without objection.

Wardens and vestry of Episcopal societies are the known and recognized representatives and committee of such societies; and any bequest to such wardens and vestry, is a bequest to the society itself, or to them as trustees for its use.

If, therefore, this Episcopal society, either directly as a society, or in the name of its wardens and vestry, had an interest, under Shepard's will, this interest has continued, under all the variety of names, by which the society has been known; and, when its wardens and vestry act on its behalf, to protect such interest, it is the society essentially which acts by and in the name of its representatives. *Sutton v. Cole*, 3 Pick., 232. *Minot v. Curtiss*, 7 Mass. R., 444.

No one can fail to understand the nature of this proceed-

ing.  It is an attempt, by the Episcopal society, who was and is a beneficiary, under the will of John Shepard, in its modern name of Trinity church, Portland, and by its legally constituted agents, to protect its interests in the court of probate; and the only real objection is, as it seems to us, that the form of proceeding has not been in conformity with the rules of common law pleadings.

But in proceedings in courts of probate, the forms of common law process and pleadings are not regarded, and can not be; and it is, therefore, immaterial, in the present case, whether this appeal was taken and prosecuted, in the name of the society itself, or in the name of its wardens and vestry: it is essentially the act of the society.  We are of opinion that a new trial should not be granted.

In this opinion the other judges concurred, except WAITE, J., who tried the cause below, and was therefore disqualified, and STORRS, J., who was absent.

New trial not granted.