BREWSTER *vs.* SHELTON AND OTHERS.

The statute regulating appeals from decrees of probate courts, requires that
   they should be taken only to the regular statutory term of the superior court,
   next to be holden after the allowance of such appeals.
By the true construction of that statute, an appeal from such a decree can not
   be taken to a term of the superior court, after the commencement of such
   term.
In a petition to the probate court, by an attaching creditor, for the appointment
   of a trustee of the property of the debtor, pursuant to the provisions of the stat-

ute of ˜1853, (Rev. Stat., tit. 14, ch. 4, p. 513,) other attaching creditors are interested in the subject matter before the court, and have a right to be heard therein.

BREWSTER presented a petition to the court of probate for the district of New Haven, alleging that he was an attaching creditor of Shelton, and praying for the appointment of a trustee of the property of Shelton, for the benefit of his creditors, pursuant to the provisions of the statute of 1853, entitled " An act for the relief of insolvent debtors, and for the more equal distribution of their effects among their creditors."

Loren Cowdrey and James Laurie, also attaching creditors of Shelton, afterward presented their petitions to the court of probate, alleging that they had acquired liens upon his property, by virtue of prior attachments ; that the proceedings, on the part of Brewster, were not commenced in good faith, but in fraud of the law, and in collusion with Shelton, for the purpose of enabling him to convey away a large amount of his property, to the great damage of his creditors, and particularly to the petitioners, and praying that Brewster's application might be dismissed.

These petitions came on for hearing before the court of probate, holden, by adjournment, on the 15th day of January, 1855, when the parties respectively appeared, and Brewster, having declined going to trial, and failing to prove the allegations in his petition, the court ordered his application to be dismissed.

On the 26th day of February following, Brewster appealed to the superior court, holden at New Haven on the fourth Tuesday of January, 1855, and entered the case in the superior court, on the day of the appeal, the court being then in session, and the term having commenced on the 23d day of January.

At the April term following, Cowdrey and Laurie, who appeared under an order of notice, made by the judge of probate, pleaded in abatement of the appeal, on the ground

that it was taken too late, and should have been taken before the session of the superior court commenced. To this plea, there was a demurrer, and the superior court adjudged the plea sufficient and dismissed the appeal. Brewster thereupon filed a motion in error, and brought the case before this court.

*Baldwin* and *Foster*, in support of the motion.

1. The right to appeal in this case is given in the statutes of this state. Rev. Stat., 280.

2. This right is not affected by the seventy-third section of the act relating to civil actions, Rev. Stat., 73, that referring clearly to actions at law; and an appeal from probate is not a suit at law within the meaning of that section.

By section ninety-six, of the act relating to the settlement of estates, Rev. Stat., 527, an appeal is authorized from a probate court, "in the manner provided by the act relating to courts," but not as provided by the act relating to civil actions.

3. The practice has been to allow appeals in the manner claimed here, and no inconvenience has resulted from it. A contrary practice would involve great inconvenience.

4. Neither Cowdrey nor Laurie had any right to appear, and plead in abatement to this appeal; much less could they put in a joint plea. Neither of them is aggrieved, or has any interest in the matter before the court. They are not parties to the petition of *Brewster* v. *Shelton;* the plea in abatement is therefore sufficient, and the demurrer good. The objection not being made by Shelton, the proper person to make it, is therefore not legally made.

*R. I.* and *C. R. Ingersoll*, contended, that the plea in abatement is sufficient.

I. The order of the court of probate appealed from, having been made on the 15th of January, and the "next superior court" for New Haven county, having been holden on the

23d of January, viz., on the fourth Tuesday, an appeal could not have been taken, from that order, on the 26th of February. It should have been taken before the fourth Tuesday of January, "and not afterwards." Rev. Stat., 280.

The "next superior court," to which the appeal of the plaintiff was, by this last section, limited, he being present at the judgment of the probate court, was held on the fourth Tuesday of January, and not, in contemplation of law, on any day subsequent to the fourth Tuesday of January. The statute designates that day, and no other, as the time for holding that court.

" And, by the principles of the common law, a term of a court; of however many days such term in fact consists, is deemed to constitute but one day, and that is the day on which the term is holden." *Leavenworth* v. *Marshall,* 19 Conn. R., 4. *Cutler* v. *Wadsworth,* 7 Conn. R., 6. Any other rule would be attended, in practice, with incalculable confusion and inconvenience. The courts of probate, especially those sitting in towns remote from the county seat, can not be expected to know, except as they are informed by the statute, when the superior court is in session ; and much less to keep the run of its various adjournments, extending, as they frequently do, for special cases, through the whole vacation. And yet this must be presumed of them, if the superior court in session is to be regarded as " the next" superior court designated by this statute. For there certainly can not be two " next" superior courts ; and if the court in session is the " next" one, an appeal to the succeeding regular term would be manifestly erroneous. But this absurdity is obviated by the designation of a definite day, as the " time" on which the superior court shall be considered as " held." Of that time the court of probate can judicially take notice.

But this question has virtually been decided by this court in the case of *Leavenworth* v. *Marshall,* 19 Conn. R., 1.

In that case, the appeal was taken to an adjourned term

of the superior court, the appellant claiming his appeal, in analogy to the practice of bringing original suits to such a term. It does not seem to have been even suggested by the appellant in that case, that the court he appealed to was the "next" court, because it was then in session. The reasoning of the judge who gave the opinion of the court, in that case, applies with increased force against the claim of the present appellant. *Commonwealth* v. *Sessions of Norfolk*, 5 Mass. R., 435. *Fellows* v. *Carpenter*, Kirby, 364.

II. The statute authorizes an appeal to none but an aggrieved party. This record does not show that the appellant even claimed to have been aggrieved by the proceedings of the probate court. On the contrary, it shows that he "declined to go to trial;" that he "utterly failed" to "produce any evidence." He, in other words, suffered a nonsuit, and withdrew from the court; and thereupon the probate court dismissed his case.

III. The appellant, having cited in the appellees, and made them parties to the case, can not be permitted to say that they have no right to appear and be heard.

WAITE, C. J. The statute, authorizing appeals from decisions of courts of probate, provides that all persons present, of full age, " shall appeal to the next superior court, and not afterward." Stat. 1854, p. 280. Brewster, the appellant in the present case, was present on the 15th of January, 1855, when his application was dismissed by the court of probate, and on the 26th day of February following, took an appeal to the superior court, holden on the fourth Tuesday of January, 1855. The question arising upon these facts is, whether the appeal was taken to the next superior court, within the meaning of the statute authorizing the appeal.

In one of our earliest reported cases, it was holden by the superior court, that an appeal from a judgment of a justice of the peace, could not be taken to an adjourned term of the county court. *Fellows* v. *Carpenter*, Kirby, 364. And the

reason, assigned by the court, was, that the words of the statute, granting appeals to the next county court, had reference to the next stated term, and not to an adjourned term, which was but a continuation of a term, and so had invariably been the practice, under the statute.

The same principle was recognized by the supreme court of Massachusetts.. *Commonwealth* v. *Sessions of Norfolk*, 5, Mass. R., 435.

In a more recent case, this court held that, in view of the long practice which had prevailed in this state, an original suit might be brought to an adjourned term of the court. But the decision was placed entirely upon the ground of such long continued practice, which could not be disturbed without shaking the foundations of many titles. *Hawley* v. *Parrott*, 10 Conn. R., 486.

But in a still later case, it was holden that this exception to the general rule, did not apply to appeals from decrees of a court of probate, and that they could not be taken to an adjourned term of the superior court, as neither the statute, nor any practice, authorized them to be so taken. *Leavenworth* v. *Marshall*, 19 Conn. R., 1.

If an appeal from a decree of a court of probate can not be taken to an adjourned term of the superior court, upon the ground that such term and the regular term, in contemplation of law, are but one term, it would seem to follow, as a necessary consequence, that an appeal can not be taken to any day of the court, subsequent to its commencement.

It is true, in the present case, that the appeal was not, in form, taken to a day in the term subsequent to that prescribed in the statute for holding the court; but such was its effect, as it was taken long after the term commenced, and it would be absurd to hold that it might be taken to a court, the session of which had passed.

The true rule, in our opinion, was given by the court, in the case cited from Kirby's Reports. The expression, "next

court," in the statute, means the next stated term of the court, and an appeal, after that time, is expressly prohibited.

It is further said, that Cowdrey and Laurie were not proper parties to the proceeding, and had no right to appear and plead as they did. The object of Brewster's petition was to have a trustee appointed, to take possession of Shelton's property, for the benefit of his creditors. The effect of the application, if granted, would be to dissolve their liens, acquired by their attachments. They therefore had an interest in the protection of their liens. They accordingly appeared before the court of probate, for the purpose of showing that the proceedings of Brewster were commenced and carried on, with a fraudulent design, to injure them, and the creditors of Shelton generally. They therefore had an interest in the subject matter before the court, and had a right to be heard thereon.

Besides, Brewster, when he entered his appeal, obtained an order of notice, making them parties to the proceeding, under which they appeared and defended, as we think they had a right to do.

We are therefore of opinion, that there is no error in the judgment of the superior court, dismissing the appeal.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Judgment affirmed.