DWIGHT HISCOX'S APPEAL FROM PROBATE.

The statute (Rev. Stat., tit. 5, § 65,) provides that all persons aggrieved by any decree of a court of probate, *who were present or who were notified to be present*, shall appeal, if at all, to the next term of the superior court. Held, that it is not necessary that the record of the decree should show whether a party in interest was present or was notified to be present, but that the fact may be shown by parol evidence.

Where an appeal was taken from the allowance of a guardian account, at the settlement of which the appellant was present by his attorney, it was held that it was of no importance, as affecting the limitation of the right of appeal, that there was no hearing before the probate court upon the particular matter for which the appeal was taken, nor that the attorney was not present when the record of the decree was made up, nor that he had no knowledge in fact of the precise character of the decree.

APPEAL from probate, reserved upon facts found for the advice of this court. The case is sufficiently stated in the opinion.

*Cleveland* and *Phillips*, for the appellant.

*Carpenter*, with whom was *Cundall*, for the appellee.

SANFORD, J. This is an appeal from an order or decree of the court of probate for the district of Woodstock, made on the second day of July, 1859, approving and allowing the guardian account of Alba Hiscox with Dwight Hiscox his ward. The appeal was taken on the 12th of July, 1860, to the superior court to be held at Brooklyn on the second Tuesday of August following, several terms of the superior court having intervened between the passing of the decree and the taking of the appeal. The appellee pleaded in abatement, first, that the appellant was notified to be present and was present at the passing of the decree complained of, and therefore ought to have appealed to the next superior court thereafter ; and secondly, that after the passing of the decree and before the taking out of the appeal, the appellant brought a suit upon the guardian's bond, returnable to the superior court then next to be held at Brooklyn, on the second Tuesday of August, 1859, for the same matter, cause and thing as claimed in this appeal.

Upon the trial, the appellee offered parol evidence to prove that the appellant was notified to be present and was present when the decree in question was made, the probate record being silent on the subject.

This evidence was admissible. There is no law which requires that notice shall be given to the ward to be present at the settlement with the court of probate of his guardian account, nor is the jurisdiction of that court or the validity of its proceedings in regard to such settlement affected by the want of such notice or by the absence of the ward ; the only effect of such want of notice and absence being to extend the time allowed by law for appealing from the decree of the court

of probate to the superior court.   Rev. Stat., tit. 7, §§ 41, 50, and tit. 5, §§ 64, 65, 66.   The record of the court of probate therefore need contain nothing relative to such notice or appearance, and that being silent on the subject, parol evidence was clearly admissible to prove the fact.

The record of a court of competent jurisdiction is final and conclusive between the parties as to all matters which are material and traversable, but not as to matters which are not so.   Nor is such record evidence even of any matter to be inferred by argument only from the judgment.   1 Phil. Ev., part 2, chap. 2, § 1.   1 Greenl. Ev., § 528.   *Duchess of Kingston's case*, 11 Hargrave State Trials, 261.   *S. C.* 20 Howell State Trials, 355.

Upon the evidence admitted the superior court found that the guardian was cited into the court of probate to settle his account there at the instance of the appellant's attorney, and that the attorney was in fact present, acting for the appellant, at the time of the settlement and the passing of the order or decree thereon, and no claim is made before us that such appearance by attorney was not a good appearance.   Now the statute (Rev. Stat., tit. 5, ch. 6, sec. 65,) provides expressly that all persons aggrieved by the order of a court of probate who are of full age and present, or who have legal notice to be present, and who may appeal, &c., shall appeal to the next superior court, and not afterwards.   For this cause therefore the appeal must abate.

Whether the parties did or not expect to have, or did or did not in fact have, a hearing before the court of probate in relation to the particular claim now made by the appellant, and whether the appellant's attorney was or was not present when the record of the decree was made up, or had knowledge of its contents or not, are questions of no importance, and the evidence in relation to them might have been rejected; but it was introduced by the appellant himself, and he can not complain of its reception.

Whether the appeal ought to abate for the second cause set up in the plea, and what may be the effect of the allowance of the guardian's account upon his liability in the action upon

his bond, we do not decide, preferring to reserve our opinion upon those questions until they shall have been more fully argued and considered.

We advise that the appeal be dismissed.

· In this opinion the other judges concurred.

Advice that appeal be dismissed.