## JOHN P. ORCUTT'S APPEAL FROM PROBATE.

Hartford Dist., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

A probate court passed a decree on January 5th, 1885, allowing an administration account. O, an heir at law residing in another state, was not present and had had no legal notice to be present, and, as the law then was, had a right to take an appeal within three years. Later in the same year an act was passed (now Gen. Statutes, § 642,) limiting the right of appeal in such cases to twelve months. On January 4th, 1888, O took an appeal from the decree to the Superior Court, which appeal was allowed by the Probate Court and entered in the Superior Court, where all parties appeared. In September, 1888, the appellant filed his reasons of appeal without objection made, and the cause remained on the docket till September, 1890, when the appellees filed a motion that it be erased from the docket on the ground that the appeal had not been taken within the time required by the statute. The court denied the motion. Held on appeal—

1. That the failure to take the appeal within the time limited by the statute, made it voidable only, and not void.

2. That the appellees must be held on the facts to have waived the objection.

[Argued October 7th, 1891—decided January 30th, 1892.]

APPEAL from a probate decree accepting and allowing an administration account; taken to the Superior Court in Tolland County. A motion to erase the appeal from the docket for want of jurisdiction was denied by the court, (*J. M. Hall, J.,*) and the case heard on its merits and judgment rendered for the appellant. Appeal by the appellees. The case is fully stated in the opinion.

*J. L. Hunter* and *W. A. King*, for the appellants, (original appellees.)

*E. H. Hyde, Jr.*, for the appellee, (original appellant.)

TORRANCE J.   On the 5th of January, 1885, the court of probate for the district of Stafford passed a decree allowing, approving and accepting the account of Benjamin Rockwell, as administrator of the estate of Eunice C. Rockwell, deceased.   John P. Orcutt, an heir at law of the deceased, residing in Iowa at that date, was not present when the decree was passed, nor had he legal notice to be present, and as the law then was, might have taken an appeal therefrom at any time within three years thereafter.

In 1885 a law was passed providing that all probate appeals, by persons not inhabitants of this state, who were not present when the decree was passed, and did not have legal notice to be present, should be taken within twelve months after the passage of such decree.   This act took effect June 1st, 1885, and repealed all acts and parts of acts inconsistent with its provisions.   It subsequently in substance became a part of the General Statutes of 1888, forming section 642 thereof.

On the fourth day of January, 1888, John P. Orcutt took an appeal from the decree to the Superior Court in Tolland County to be held on the first Tuesday of February, 1888, which appeal was allowed, due notice thereof was given in accordance with the order of the probate court, and the cause was duly entered in said Superior Court, where all the parties in interest, by their counsel, duly appeared.

On the 4th day of September, 1888, John P. Orcutt filed his reasons of appeal in the cause without objection, and moved for an order to cite in one Reed, as the administrator of Eunice C. Rockwell's administrator, the latter having died between January 5th, 1885, and January 4th, 1888.   That order was granted, and service of the citation was accepted by Reed on the 4th of September, 1888.

Thereafter the cause remained on the docket of the court

awaiting trial, and nothing further was done therein until the 10th of September, 1890, when the appellees filed a written motion asking that the cause be erased from the docket of the Superior Court, for the alleged reason that "it appears from the facts set forth in said appeal, that said appeal was not taken within such time after the decree of the probate court appealed from, as to give this court jurisdiction over it." The record did in fact show the date when the decree appealed from was passed and the date of the appeal.

The court denied the motion, and subsequently tried the case, and rendered judgment in favor of John P. Orcutt. From that judgment the present appeal was taken to this court, and the sole error assigned is, the action of the court below in refusing to grant the motion to erase.

The appellees contend that if the appeal from probate in the case at bar was taken and allowed after the time limited by law had passed, the Superior Court did not, and could not by any act or consent of the parties, acquire jurisdiction.

The greater portion of their brief is in support of the point that the time limited by law had passed when the appeal from probate was taken. We deem it unnecessary to decide this last point, because if true, as we shall, for the purposes of discussion, assume it to be, we think the consequence above claimed therefrom does not follow.

If failure to appeal within the time limited makes the appeal void, the claimed consequence follows ; if it only made the appeal voidable, then the claimed consequence does not necessarily follow. If the appeal was void, as claimed, then the Superior Court erred in not granting the motion to erase, for in such case there would be no cause before it over which it had any jurisdiction, nor could the parties by any consent or waiver have conferred jurisdiction under such circumstances. *Chipman* v. *City of Waterbury*, 59 Conn., 496. In such a case it is of course the duty of the court to erase the cause from its docket whenever and however the matter is called to its attention. *Olmstead's Appeal from Probate*, 43 Conn., 114.

The distinction between a void appeal and one merely voidable is illustrated by the court in the case of *Ives* v. *Finch*, 22 Conn., 101. That was an appeal to the county court from the judgment of a justice of the peace. The demand in the writ was over seven dollars, so that the cause was appealable to the county court. The court says:— " Had the demand been less than seven dollars or the appeal taken to the Superior Court, the appeal would have been void. But the cause was appealable, and the appeal was taken to the right court, and had the proceedings been regular, the court was bound to take cognizance of it." The appeal in that case was held to be voidable only. In *Denton* v. *Town of Danbury*, 48 Conn., 368, and *Norton* v. *Petrie*, 59 Conn., 200, the causes were not appealable, and the appeals were held to be void.

The important question in the present case then is, whether an appeal from probate taken and allowed after the time limited for doing so has passed, is *ipso facto* void, or is merely voidable at the option of the adverse party. If, in the case at bar, no appeal bond had been given, or had been given to the wrong party, or the case had not been entered in the Superior Court at the proper time, or no notice of the appeal had been given according to the order of the probate court, or the interest of the appellant had not been fully and explicitly stated in some part of the record, these matters would not be held to make the appeal void, but would be considered merely as matters of abatement, to be taken advantage of or not as the adverse party saw fit. *Bailey* v. *Woodworth*, 9 Conn., 388 ; *Leavenworth* v. *Marshall*, 19 Conn., 1 ; *Wardens & Vestry of Trinity Church* v. *Hall*, 22 Conn., 125 ; *Deming's Appeal from Probate*, 34 Conn., 201 ; *Donovan's Appeal from Probate*, 40 Conn., 154. If such matters as the above are not deemed to be of the essence of the appeal, why should the limitation of time be so considered ?

We are not aware that this question, in the precise form in which it now arises, has ever been decided by this court. We think, however, that an examination of the cases in our own reports will show that objection to the allowance of an

appeal from probate taken after the time for appeal has passed, has generally been taken by plea in abatement, and has been treated as an irregularity which made the appeal voidable only and not void. On principle, also, we think this is the correct view to take of the matter.

From a very early period in the history of our state provision has been made by law for appeals in probate causes. The statutes as revised in 1750 embodied the law upon this subject as it had existed for at least fifty years before. Revision of 1808, p. 212, and notes. In substance, the provisions of our law relating to appeals from probate have, from the earliest times, remained the same as they are to-day. A right of appeal is given to "any person aggrieved," from any "order, denial or decree of a court of probate in any matter, unless where it is otherwise specially provided by law." Since 1750, at least, such appeal was to be taken to the Superior Court.

This apparently absolute right of appeal is limited however by certain conditions. It exists only in favor of a party "aggrieved" in a matter not otherwise specially provided for by law; a bond with sufficient surety to prosecute the appeal to effect must be given; and the motion, application or request for the allowance of the appeal to the proper court, must be made to the probate court within the time limited by law for making the same. When all the conditions exist the right of appeal is complete, and if in such cases it is improperly refused, the wrong may be redressed by a proceeding by way of mandamus. *Elderkin's Appeal from Probate*, 49 Conn., 69.

When this right to appeal is complete, certain requisites are necessary to its full and effective exercise. The appeal must be requested by the party entitled to it or by some one acting for him ; it must be allowed by the probate court ; the appeal papers must in some way show that the party is entitled to appeal as one " aggrieved ; " a proper and sufficient bond with surety must be given ; the appeal papers must be entered in the Superior Court at the proper time and term. When the right to appeal thus exists and the

right has been duly exercised in the manner prescribed by law, the Superior Court has full jurisdiction over the subject matter of the appeal.

But suppose some of the above mentioned conditions do not exist or are not complied with, and an appeal is taken or attempted to be taken and allowed, is it void, or voidable, or valid? The answer must depend upon the nature of the conditions or requirements in question. If the party attempting to appeal is not a party "aggrieved," within the meaning of the statute, he cannot appeal. The cause is, as to him, non-appealable. If a party aggrieved takes an appeal to the wrong court the appeal is void. If he appeals in a matter which is otherwise specially provided for by law, the appeal is void. If the probate court refuses to allow the appeal, none can be taken without such allowance, but in a proper case the court may be compelled by mandamus to allow an appeal. In instances like these, and others of like nature that may be suggested, the attempted appeal would undoubtedly be held to be void and not merely voidable.

But in other instances, as we have seen, where some of the conditions or requirements of a valid appeal have not existed or have not been complied with, the appeal has been held to be voidable only. Thus, the want of a bond on the probate appeal, whatever may have been the decisions elsewhere, has by this court been held to make the appeal voidable only, and not void. *Bailey* v. *Woodworth*, 9 Conn., 388. The same principle was applied in the analogous case of an appeal from the judgment of a justice of the peace. *Ives* v. *Finch*, 22 Conn., 101. So where the appeal was taken to an adjourned term of the Superior Court, the irregularity was objected to seasonably by a plea in abatement, and was evidently not regarded as making the appeal void. *Leavenworth* v. *Marshall*, 19 Conn., 1; *Brewster* v. *Shelton*, 24 Conn., 140; *Hiscox's Appeal from Probate*, 29 Conn., 561. So the failure to show clearly upon the record that the appellant was a party "aggrieved" has been treated as a matter of abatement rather than as matter which made the appeal void. *Wardens &c. of Trinity Church* v. *Hall*, 22 Conn., 125;

*Deming's Appeal from Probate*, 34 Conn., 201; *Norton's Appeal from Probate*, 46 Conn., 527; *Taylor* v. *Gillette*, 52 Conn., 216. The failure to give proper notice of the appeal does not even make the appeal voidable. *Donovan's Appeal from Probate*, 40 Conn., 154.

But it may be said that, in limiting the time in which an appeal from probate may be allowed, the statute was intended primarily to limit the power of the court to grant or allow an appeal. If this were true, of course no appeal could be taken by a party against whom the time had run. In such a case the cause as to that party would be one which was not appealable. We do not think, however, that this is the true construction of the statute.

The statute prescribes that an appeal shall be taken within a certain time, but no words are used which necessarily prohibit the court of probate from granting an appeal after the limit has expired. The statute gives an almost absolute right of appeal, and then provides that the appellant shall give a bond with surety and shall take the appeal within the time limited. The statute of appeals is principally and primarily concerned with the rights of the parties rather than with the powers of the probate court. It clothes the appellant with the right of appeal, and then, for the benefit of the adverse party, provides that the right shall be exercised only within a certain time and upon giving bond. The provision for taking an appeal within the time was no more intended primarily as a limitation upon the power of the probate court to grant an appeal, than was the provision for giving a bond. Both are primarily and chiefly made in the interest and for the protection of the adverse party, and he may waive the benefit of both. Incidentally they are both in a certain sense limitations upon the power of the probate court to grant an appeal, because they limit the right of the party taking the appeal. In short, we think it more reasonable to hold that the statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense, and was intended primarily and principally to limit the right of the appellant and to protect the rights of

the appellee, and not to limit directly and absolutely the power of the probate court to allow an appeal after the time has passed or to affect the jurisdiction of the Superior Court over an appeal, so allowed, if not objected to in the proper way and at a proper time.

The decisions of this court in cases to some extent analogous to the case at bar, are in harmony with this view. *Denslow* v. *Moore*, 2 Day, 12, was the case of an appeal from probate. The appeal in the Superior Court was tried on its merits. After judgment for the appellant, the appellee set up, among other things, the fact that it did not appear that the appeal had been taken within the time limited by law, and contended that, if so, the Superior Court had no jurisdiction of the appeal, just as the appellees from probate in the case at bar contended. In disposing of this objection the court uses this language:—" Whether the appeal was taken within the time limited by the statute was a question of fact, and if valid, should have been pleaded in abatement." This decision and language are not consistent with the theory that if the appeal was not taken in time it was utterly void. It is consistent with the theory that such an appeal would be voidable merely.

In *Brewster* v. *Shelton*, 24 Conn., 140, and in *Hiscox's Appeal*, 29 Conn., 561, the time for taking an appeal had expired. The objection in both cases was taken by plea in abatement, promptly pleaded, and was disposed of as any other matter in abatement would have been.

In *Barnum's Appeal*, 33 Conn., 122, objection to an appeal claimed to have been allowed from the doings of commissioners after the time had expired, was taken both by plea in abatement and by a plea to the jurisdiction. Whether the plea to the jurisdiction was filed merely out of abundant caution, or whether the court considered it necessary, does not appear. The case came up on reservation upon the facts found by the Superior Court, and these facts alone were considered. In this case the appeal was held to be in all respects a valid appeal, although the bond was not in fact given until after the time for taking the appeal had expired.

In the case of *Brewster* v. *Shelton* and *Hiscox's Appeal*, if the adverse party had expressly or impliedly waived the objection, we think this court would have held that the Superior Court had jurisdiction.

Upon authority then, as well as upon principle, we think the appeal from probate in the case at bar was at most irregular, and that the irregularity was of such a nature that it did not make the appeal void. It pertained merely to the process of bringing an appealable cause to the right court. It made the appeal voidable at the option of the adverse party, if objection was made in the proper way and at the proper time; and, on the other hand, the objection might be waived.

The next question is, whether the appellees had waived their right to object on account of this irregularity at the time the motion was filed. Had the case been tried on its merits before the motion was filed, there can be no doubt that it would have been too late. We think the facts clearly show that, as the case stood, the motion came too late, because by their conduct the appellees must be held to have waived the objection. They knew, or must be held to have known, of the existence of the defect or irregularity from the beginning, and yet they did nothing about it for two and a half years. It is true that no plea or answer had been filed to the reasons of appeal, nor by our practice in such cases is it necessary or customary for the appellees to file any such pleadings. The case stood as if the reasons of appeal had been denied within a reasonable time after they were filed. In effect, and, accordance with our practice in such cases, the parties were at issue on matters pertaining to the merits of the cause. This was a waiver of the defect and irregularity complained of, and the motion came too late after such waiver. *Fowler* v. *Bishop*, 32 Conn., 199; *Woodruff* v. *Bacon*, 34 Conn., 181; *Cook* v. *Morse*, 40 Conn., 544; *Parrott* v. *Housatonic R. R. Co.*, 47 Conn., 575.

In *Deming's Appeal from Probate*, 34 Conn., 203, this court said:—"A defect in the record of such a character that the Superior Court would have dismissed the case upon a

proper plea, would not necessarily be sufficient to quash the proceedings in this stage of the case. The time has elapsed for the appellees to take advantage of any defects upon the record of less importance than those sufficient to render the proceeding void." This language is quite applicable to the case at bar.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.