[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#103)
Plaintiff, Frank Naumec, has filed a complaint appealing a Probate Court decision concerning the estate of his late uncle, Frank Kadupski. The plaintiff alleges the following facts in his complaint. The plaintiff cared for Kadupski at Kadupski's home from 1974 to his death in 1997. In exchange for this assistance, Kadupski, the decedent, promised that he would devise and bequeath the greater part of his estate to his nephew, the plaintiff. The decedent's will, however, left no part of his estate to the plaintiff. The plaintiff presented a claim to the defendant, the executor of the decedent's estate, for $125,000, the value of the services rendered by the plaintiff. The Executor denied the plaintiff's claim on May 7, 1997. Next, the plaintiff requested a hearing before the Probate Court, which denied the plaintiff's claim on October 9, 1997. Plaintiff's appeal, dated October 31, 1997 was served on the defendant on November 3, 1997.
On January 23, 1998, the defendant filed a motion to dismiss on the ground that this court lacks subject matter jurisdiction over the appeal. The defendant asserts that the plaintiff failed to comply with statutory requirements by not filing a motion for appeal with the Probate Court prior to petitioning the Superior Court. The plaintiff has filed a memorandum in opposition.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . ." Konover v. Town ofWest Hartford, 242 Conn. 727, 740, 699 A.2d 158 (1997).
The defendant contends that the right of appeal from an adverse Probate Court decision is a statutory right conferred under General Statutes § 45a-186[1] and that the failure to comply with that statute is a defect that deprives the Superior Court of jurisdiction over the appeal. Since the plaintiff in the present case has not filed a motion for appeal nor obtained an order from the Probate Court permitting him to file an appeal, CT Page 8453 the defendant asserts that this court lacks jurisdiction and moves for dismissal. The defendant supports his position by relying on cases that set forth the requisites for a proper appeal from Probate Court such as Orcutt's Appeal from Probate,61 Conn. 378, 24 A. 276 (1892) and Fuller v. Marvin,107 Conn. 354, 140 A. 731 (1928).
In opposition, the plaintiff concedes that the action is an appeal from Probate, but asserts that § 45a-186 neither states nor implies the necessity for a motion for appeal to be filed with the Probate Court. Also, the plaintiff maintains the only express requirements of the probate appeal are that the party appealing must be aggrieved, must post a security bond, and must take the appeal within 30 days of the Probate decision. The plaintiff also contends that aggrievement is the only essential requirement for subject matter jurisdiction. Finally, the plaintiff points out that the defendant has not been prejudiced due to the absence of a motion for appeal, since he received notice of the appeal and has not claimed a defect in notice or that any necessary party failed to receive notice.
A probate appeal "is entirely statutory." Sacksell v.Barrett, 132 Conn. 139, 146, 43 A.2d 79 (1945). "The appeal [from Probate Court] exists only in favor of a party aggrieved in a matter not otherwise specially provided for by law; a bond with sufficient surety to prosecute the appeal to effect must be given; and the motion, application or request for the allowance of the appeal to the proper court, must be made to the probate court within the time limited by law for making the same. When all the conditions exist the right of appeal is complete, but certain requisites are necessary to its full and effective exercise. The appeal must be requested by the party entitled to it or by some one acting for him; it must be allowed by the probate court. . . . When the right to appeal thus exists and the right has been duly exercised in the manner prescribed by law, the Superior Court has full jurisdiction over the subject-matter of the appeal." (Citation omitted; internal quotations omitted.) Fuller v. Marvin, 107 Conn. 354, 357,140 A. 731 (1928), quoting Orcutt's Appeal, 61 Conn. 378, 382, 24 A. 276
(1892). In Orcutt's Appeal, supra, 383, the court addressed the question of whether the non-existence or lack of compliance with any of the conditions required for a right of appeal caused such an appeal taken, or attempted to be taken and allowed, to be void, or voidable or valid. The court noted that the answer depended upon the nature of the conditions or requirements in CT Page 8454 question. Id. The court specifically noted, inter alia, that "[i]f the party attempting to appeal is not a party `aggrieved' within the meaning of the statute, he cannot appeal. . . . If theprobate court refuses to allow the appeal, none can be takenwithout such allowance, but in a proper case the court may be compelled by mandamus to allow an appeal. . . . In instances likethese . . . the attempted appeal would undoubtedly be held to bevoid and not merely voidable." (Emphasis added.) Id.
This language further supports a finding that a motion for appeal is a condition for a right of appeal, the non-existence of which deprives the Superior Court of subject matter jurisdiction, since the Probate Court would have no opportunity to allow or disallow an appeal without the filing of a motion for appeal. Additionally, even if this court were to find that the plaintiff's failure to file a motion for appeal with the Probate Court rendered this appeal only voidable, not void, the defendant has failed to waive this defect by filing a timely motion to dismiss.
The plaintiff has not presented, nor has this court's research found, any authority for the filing of a probate appeal in Superior Court without prior allowance of the appeal by the Probate Court, which is secured through a motion for appeal from that court whether written or oral.[2] As the plaintiff failed to file a motion for appeal with the Probate Court and to secure that court's allowance of his appeal, this court lacks subject matter jurisdiction over this appeal.
Accordingly, the defendant's motion to dismiss is granted.
Koletsky, J.