[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 Factual and Procedural Background
This matter is an appeal from the Plainville Probate Court of that court's decree dated April 20, 1999 which provided that: CT Page 12200 "Michael P. Kamp and Alice Griffin, or her attorney, Frederick D. Baldwin, deliver any and all wills in their possession executed by the ward to the conservator, Sharon W. Corlette or her attorney, Kenneth John Laska, no later than April 30, 1999."
The Plainville Probate Court issued a decree this on allowing appeal May 19, 1999. Earlier on February 7, 1997, that court had appointed the ward's son as the conservator for the ward. Following the son's death on March 10, 1998, a dispute arose concerning who should succeed as conservator. Ms. Griffin, who claimed to be a longtime friend of the ward's, submitted a claim to the probate court that the ward intended her to be the conservator. She made arguments that the ward was capable of selecting his own conservator. Notwithstanding Ms. Griffin's petition, the court appointed Sharon Corlette and Jason Corlette as co-conservators.
Perhaps at Ms. Griffin's urging, Attorney Baldwin had prepared a will for the ward, Ralph N. Corlette, Sr. Attorney Baldwin is attempting to appeal from the probate court order that he turnover the will to the successor co-conservators. Discussion
 Discussion
The defendants first claim procedural defects in the appeal. Those claims include the following allegations: no bond is provided, no return date is provided and the return date in the probate decree is altered.
While it is true that Form 1004.7 provides a proposed bond form, the requirement is a recognizance in the sum of $150.00 for the cost of the probate appeal. Such a recognizance was filed in this case in the form of a check payable to The probate court in the requisite amount of $150.00. The probate court has entered a decree allowing the appeal. That decree states that the "complainant has given security for cost".
Further, that the decree indicates that the date of the appeal is "to be scheduled". The copy of the decree filed with the appeal is dated May 20, 1999, and appears to bear the signature of the probate judge. The motion for permission to appeal contains June 22, 1999 as a return in its heading. No return date is contained in the probate court decree. The appeal to the superior court contains a return date of July 6, 1999. CT Page 12201
If a specific return date had been included in the probate judge's decree allowing the appeal, a plausible argument could have been made that there was no right to unilaterally alter the return date. However in this case, Attorney Baldwin, at worst, is altering the return date on his own motion and not any date ordered by the probate court.
The defendants next argue that the case should be dismissed because it has been returned to the judicial district of Hartford rather than the judicial district of New Britain. The defendants rely on Orcutt's Appeal from Probate, 61 Conn. 378, 383 (1892) for the proposition that when a probate appeal is taken to the wrong court the appeal is void and subject to a motion to dismiss. The holding in that case was legislatively overturned by Public Act 77-576 now codified as Section 51-351, which states, "no cause shall fail on the ground that it has been made returnable to an improper location".
The defendant's most serious claim that this matter should be dismissed is their attack on the standing of Attorney Baldwin to bring the appeal. Section 45a-186 of the General Statutes clearly provides "any person aggrieved by an order, denial or decree . . . may appeal therefrom to the Superior. . . ." The defendants rely on Little River Limited Liability Co. vs.Zajicek, (CV-96056 1804S, Lavine, J., Superior Court, May 21, 1997) both for the proposition aggrievement is required for an appeal from probate and further for the proposition that an attorney plaintiff must demonstrate that he himself is aggrieved and he may not attempt to assert the ward's interest.
In the case before the Court, Attorney Baldwin insists that documents that he has, including the Last Will and Testament of Ralph Corlette, Sr., are protected by the attorney-client privilege. He asserts that he could be subject to disciplinary action under Rule 1.6 of the Rules of Professional Conduct if he surrendered the documents.
Subsequent to the argument and briefs in this case, the Supreme Court decided Crone, et al. vs. Gill, et al.,250 Conn. 476 (August 24, 1999). In that case Superior Court Judge Charles Gill disqualified an attorney from participating in a particular matter which he was hearing. The attorney, claiming the right to represent his client and to be paid for it, failed to demonstrate an asserted interest which was "specially and injuriously affected in a way that is cognizable by law". Consequently he was CT Page 12202 not aggrieved for purposes of the writ of error involved in that proceeding.
In the case before this Court, Attorney Baldwin does not assert the claim of his clients, but rather appeals from an order directed toward him. Unlike the situation in Crone, the attorney is being ordered to take an affirmative action. There is no indication that the Probate Judge here was merely controlling his courtroom. Unless Attorney Baldwin was a party to the probate proceeding, the order directing him to turn over documents would be invalid for lack of personal jurisdiction. If he is a party bound by the judges order, then it appears illogical to say that the order is binding but he has no standing to challenge it.
For the foregoing reasons the Motion to Dismiss is denied.
By, Kevin E. Booth, J.