## DAVID S. FOWLER *vs.* CHARLES BISHOP.

Where a case has been reserved by the superior court for the advice of this court, and judgment rendered by that court in accordance with advice so given, this court will not afterwards, upon proceedings in error, consider questions that the party moving in error had a full opportunity to make and be heard upon when the case was before the court upon the reservation.

A receipt given to an officer for property attached, by which the receiptor promises to deliver the property on demand or pay a certain sum named, is not necessarily a claim for the precise sum named, because the recovery upon it will be only of the value of the property, which may be less. Where therefore, upon such a receipt, in which the sum named was $500, a suit was brought to a city court whose jurisdiction was limited to demands not exceeding $500, it was held that the case was not beyond the jurisdiction of the court by reason of the interest that had accrued upon the claim at the time the suit was brought.

Where a suit was appealed from the city court, whose jurisdiction was limited to $500, to the superior court, and in the latter court the declaration was amended by increasing the damages claimed to a sum greater than $500, the case being

one of which the superior court had original jurisdiction, it was held that the defendant, by going to trial upon the merits without objection, had waived all objection if any could have been made.

Whether such an amendment, if it would have had the effect if sustained to oust the court of jurisdiction, would not be one which the court had no power to make, and therefore a nullity: *Quere*.

Where, in a suit brought to a city court, the writ described the defendant as of the city where the suit was brought, and the defendant, after appealing the case to the superior court, went to trial in that court upon a general denial merely, it was held that he had thereby admitted that he resided within the city.

As to the jurisdiction of an inferior court, where a note has been reduced by payments to a sum within the jurisdiction, see note at bottom of page 201.

COVENANT, upon a receipt given to the plaintiff as sheriff, for property attached. The case had been before this court upon a reservation of it by the superior court for advice, and is reported in 31 Conn. R., 560. The facts there stated were found by the superior court for the purpose of the reservation. It appeared that the suit was originally brought to the city court of the city of New Haven, and that the sum of $500 was demanded as damages in the writ; that the jurisdiction of the city court was limited by law to cases in which the damages demanded did not exceed $500; that the defendant demurred in the city court, and on a judgment against him on the demurrer appealed the case to the superior court; that in the superior court the plaintiff moved to amend, and was allowed by the court to amend his declaration, by increasing the demand for damages to $700; that the defendant after this pleaded a general denial, (with notice of certain matters not affecting any question now made,) and went to trial thereon; and that upon this trial the facts were found upon which the case was reserved for advice.

After this court had given its advice upon the reservation, which was that judgment should be rendered for the plaintiff for the sum of $100 and interest, the defendant in the superior court moved in arrest of judgment, which motion was overruled, and judgment rendered for the plaintiff in accordance with the advice of the Supreme Court. The defendant thereupon filed a motion in error and brought the record before this court for revision. The errors assigned were, that neither the city court nor the superior court had

Fowler v. Bishop.

jurisdiction, by reason of the amount of damages claimed in the writ, and by reason of the claim upon which the suit was brought exceeding $500 ; that it did not appear to have been proved that either of the parties resided within the city or that the cause of action arose within the city ; and that it was not alleged in the writ that one of the parties resided in the city.

*L. G. Peck* and *Shelton*, for the plaintiff in error.

The only questions in this case are questions of jurisdiction, arising upon the motion in arrest of judgment, which was made in the superior court after the case had been returned there from this court. It will thus be seen that this court is now called upon to pronounce upon a decision of the superior court made upon a different issue and on different grounds from those presented to this court when the case was before it on the former occasion. We now claim :

1. That the city court never had jurisdiction. The demand in the declaration governs. *Newtown* v. *Danbury*, 3 Conn., 553 ; *Graham* v. *Roder*, 5 Texas, 141 ; *Odell* v. *Culbert*, 9 Watts & Serg., 66. Interest is as much a part of the debt as the principal. If it appear from the declaration that the debt with the interest which had accrued at the time *when the action was commenced* was more than five hundred dollars, the city court had no jurisdiction. City charter, sec. 66 ; *Wigginton* v. *Moss*, 2 Met. (Ky.,) 38 ; *Simpson* v. *M'Million*, 1 Nott & McCord, 192 ; *Van Giesen* v. *Vanhouten*, 2 Southard, 822. Even if the claim *at the time of trial* was more than five hundred dollars, the city court had no jurisdiction. *Lee* v. *Foot*, 2 Bailey, 112. Upon the same principle it has been held that a note can not be indorsed down so as to confer jurisdiction. *Ramsey* v. *Court of Wardens*, 2 Bay, 180.*

* While one of the counsel was discussing this point, Judge Dutton remarked that where a note, of such an amount as to be beyond the jurisdiction of an inferior court, had been reduced by payments indorsed on it to a sum within the jurisdiction, and the payments were stated in the declaration, he had held that the jurisdiction of the inferior court could be sustained. He stated that he took the informal advice of the judges of the Supreme Court upon the point, and that they so advised him.

Nor claim reduced by fictitious credits. *Souders* v. *Stratton*, 2 Pennington, 528 ; *Colwell* v. *Parcell*, id., 561. And also, where the matter in demand is *too small*, the *ad damnum* can not confer jurisdiction. *Moulthrop* v. *Bennett*, Kirby, 351 ; *Lockwood* v. *Knapp*, 4 Conn., 257 ; *Thompson* v. *Colony*, 6 Verm., 91. The plaintiff having made the amount of his damage, as claimed, seven hundred dollars, is now estopped from claiming a less sum to give the court jurisdiction. He has amended himself out of court. His writ fixes his claim and measures the original cause of action. *Whitney* v. *Sears*, 16 Verm., 587.

2. For want of jurisdiction the court will dismiss a case at any time and at any stage of the proceedings. 1 Swift's Dig., 606; *Perkins* v. *Perkins*, 7 Conn., 558; *Stoughton* v. *Mott*, 13 Verm., 175. There is no presumption in favor of a court of limited or inferior jurisdiction. The plaintiff must allege and prove every fact necessary to give jurisdiction. *Buel* v. *Fabrick*, 1 Root, 150 ; 1 Swift Dig., 606 ; *People* v. *Koeber*, 7 Hill, 39 ; *Cleveland* v. *Rogers*, 6 Wend., 438 ; *Ladbroke* v. *James*, Willes, 199 ; *Sollers* v. *Lawrence*, id., 413 ; *Dakin* v. *Hudson*, 6 Cowen, 221. A plea of the general issue *puts the plaintiff on proof* of the facts necessary to give the city court jurisdiction. *Maples* v. *Wightman*, 4 Conn., 376.

*Doolittle*, for the defendant in error.

1. This case, upon this precise record, has been formerly reserved by the superior court for the advice of this court, and this court, at its September term, 1863, after a full hearing, advised the superior court what judgment to render. And now the defendant brings the same record here again upon a motion in error, to revise really the judgment of this court, when every question which is now raised, either was or could have been raised before. If this course is to be permitted there will be no end to litigation. We say therefore that this motion comes too late. *Tweedy* v. *Bennett*, 31 Conn., 276. And the court will not consider questions that might have been presented before. *Smith* v. *Lewis*, 26 Conn., 110 ; *Nichols* v. *Bridgeport*, 27 id., 459.

2. This suit was originally brought in the city court upon a receipt demanding five hundred dollars, which is the extent of the jurisdiction of the city court. The defendant took no exception to the jurisdiction in the city court, but appeared and demurred to the declaration, and removed the case by his appeal to the superior court. By his appeal he waived all exception to the jurisdiction. *Finch* v. *Ives*, 22 Conn., 101. And by his demurrer he admitted all the material allegations of the declaration. In the declaration it is distinctly alleged, 1st, that Charles Bishop, the defendant, was of the city and town of New Haven; 2nd, that the cause of action arose within the limits of said city since its incorporation; and 3rd, that the damages demanded were five hundred dollars. The suit then was properly brought, and the superior court acquired jurisdiction regularly by the defendant's appeal. The superior court having thus regularly acquired jurisdiction, could not oust itself of jurisdiction if it would. It could permit the damages to be raised, whether the suit was originally brought there by appeal from the city court or by original process, as the cause of action or matter in demand exceeded fifty dollars, and was within the original jurisdiction of the court independent of any appellate jurisdiction.

3. This is an action *ex contractu*, and the declaration shows that the matter in demand does not exceed five hundred dollars, and it is the matter in demand which determines the jurisdiction and not the *ad damnum* clause. *Denison* v. *Denison*, 16 Conn., 34; City Charter, sec. 66. As the amount of the recovery would be only the value of the property, it does not follow that it would be $500 because that sum is mentioned in the receipt. It might be much less.

4. It is alleged in the writ that Bishop the defendant is of the city of New Haven. The defendant by his demurrer in the city court, and his general denial in the superior court, admitted this. It is also alleged that the cause of action arose within the city. This allegation was put in issue by the general denial, and the court having found the issue for the plaintiff has necessarily thereby found this fact. If the allegation that the defendant was of the city of New Haven was

not admitted by the general denial, without notice of a special denial of this description of the defendant, then it was put in issue by the general denial, and if so was found by the court in finding the issue for the plaintiff.

HINMAN, C. J. When this cause was before us, on a reservation of it by the superior court for our adviceas to what judgment should be rendered in it, at the September term of the court in 1863, we advised the superior court to render judgment for the plaintiff, for the sum of one hundred dollars and interest for a certain time, as appears by the report of the case in the 31st Conn. Rep., 560; and the superior court having rendered a judgment in conformity with that advice, the cause, upon the same record, except as it has been varied by the proceedings which have since taken place, is again brought before us for revision, upon a motion in error, filed at the December term of the superior court in 1863, the object of which is to revise and reverse the judgment in the cause which this court advised the superior court to render. It is true that the precise question now presented for our consideration was not raised on the former trial, but as it is a question of jurisdiction appearing upon the face of the record, it is quite obvious that it might have been raised then as well as now, had the counsel for the defendant deemed it of sufficient importance. As there was then a full opportunity to be heard upon the point and to have it decided, it would seem not only just but eminently proper that the defendant should be concluded from raising the question by writ or motion in error at any subsequent proceedings in the same case. If the defendant had raised the question on the former occasion it is well settled that he could not be heard upon it again. See *Smith* v. *Lewis,* 26 Conn., 110, and *Nichols* v. *Bridgeport,* 27 Conn., 459. And the reason for precluding him from raising a question which he had a full opportunity to raise when his whole case was before the court for its advice, is nearly if not quite as strong as it would be if he had raised the question and had it decided against him. Such a practice, while subjecting the court to much inconvenience by repeated hearings

of the same case, might lead it into contradictory results, and litigation, instead of being shortened by the reservation of cases for the advice of the court of last resort, would be protracted to an inconvenient and vexatious extent.

We are therefore strongly inclined to think that in ordinary cases it would be the right and duty of the court to refuse to hear a point argued, upon a motion or writ of error, which the party had a full opportunity to bring to the attention of the court on a former occasion, when the same case was under consideration on a reservation of it for the advice of this court as to the proper judgment to be rendered in it. But as the proper course to be taken, had we determined not to consider the question now raised, would have been to refuse to hear an argument upon it, and as moreover it is a question of jurisdiction, which in some aspects in which it is presented, if the defendant is right in his positions, goes to the entire proceeding in the city and superior courts, and in this court also, and shows that the only proper course all along has been to dismiss the case for the want of jurisdiction, we have concluded to give our opinion upon the case as it is presented to us. What has been said therefore in respect to the course that might have been adopted, is with a view of preventing the case from being cited as a precedent in respect to the practice, rather than as having any influence upon the determination of the case itself.

The suit was on a receipt to the plaintiff as sheriff of New Haven county, for property attached by him. It was brought to the city court, and the promise was to deliver the property to the sheriff on demand, or pay five hundred dollars, or the amount of damages and costs which might be recovered in the suit in which the property was attached ; and as the property was not delivered up when demanded, nor the judgment paid, the claim now made is that the five hundred dollars named in the receipt became, on the refusal to deliver the property, an immediate indebtedness to its full amount, which also began to draw interest immediately, and consequently there must have been more than five hundred dollars due when the suit was brought, and that this appears upon the face of the

declaration itself; and that, as the jurisdiction of the city court is limited to cases demanding five hundred dollars, that court had no jurisdiction of the cause when first brought, and the proceedings there were all void, and the case therefore never legally came by appeal or otherwise to the superior court.

It may be conceded that if the declaration on its face shows a greater sum to be due than five hundred dollars the city court could have had no jurisdiction of the case, and the proceedings upon it in that court were void; and if that court had no jurisdiction over the subject matter, it is obvious that jurisdiction could not be conferred upon it by the waiver of the objection by the parties. But we think that the five hundred dollars mentioned in the receipt was not intended as the precise sum to be paid in case the property was not delivered up or the judgment paid on demand. We are aware that such a claim was made by the counsel for the plaintiff when the case was before us on the former occasion, but the court did not regard it. On the contrary we held that though the receipt was absolute in its terms, yet it was nevertheless contingent by operation of law, and it was accordingly held as a security only for the actual value of the property which had come into the receiptor's hands. The five hundred dollars therefore were rather in the nature of a penalty to secure the return of the property or the payment of its value. As such it was a security only for the value of the property, which value alone, when shown, could be recovered, and it was on this ground that only the sum of one hundred dollars was recovered in the case. This being so, it follows, of course, that the five hundred dollars was not a debt to that amount on the non-delivery of the property, but only to the amount of the value of the property, which being less than five hundred dollars, the city court had jurisdiction of the subject matter, and the suit was properly brought to that court unless some of the other exceptions of the defendant are well taken.

It is assigned for error that it is not shown that the cause of action arose within the limits of the city. But the declaration expressly alleges that it did arise within the limits of the city

since its incorporation, and as this was a material fact necessary for the plaintiff to prove in order to enable him to recover his judgment, it was directly within the issue arising upon a general denial of all the material allegations in the declaration, and it is clear therefore that the court would not have found the issue for the plaintiff unless it was proved. We think therefore that it does appear that the cause of action arose within the limits of the city, and consequently this objection can not prevail.

Again, it is assigned for error and insisted upon by the defendant, that on the record and finding of the court it does not appear that either of the parties resided within the limits of the city. It is true there is no special finding upon this subject, nor is it usual to make any unless some point is made upon it when the case is on trial upon its merits, or there is a plea in abatement. The declaration was demurred to in the city court. That was an admission of every material allegation in it, and the proceedings were therefore regular in that court, and as no question was made upon the subject, either on this point or the one last noticed, it must be presumed to have been admitted that the cause of action arose within the city, and that the defendant, Bishop, who is described as of the city, resided there. On such a point as this, going to trial on the merits, without any notice of it whatever, is an admission of the correctness of the description of the parties to the cause. The special finding of a court for the purpose of reserving a case for the advice of this court, is not to be construed with the strictness required in a plea in abatement. Such a practice would be intolerable.

Lastly, it appears that the demand in the declaration when the cause was pending in the city court was five hundred dollars only, but at the March term of the superior court in 1863, the *ad damnum* clause was amended and the demand increased from five to seven hundred dollars, and the claim is made that this amendment operated to oust the superior court of its jurisdiction acquired by the appeal, because, it is said, the city court would have had no jurisdiction if the demand had originally been seven hundred dollars, and the amend-

ment relates back to the commencement of the suit, and so excludes the idea that the city court could ever have had jurisdiction, and consequently, in point of law, the case was never before that court, and all the proceedings upon it, including the appeal, were a nullity and conferred no jurisdiction upon the superior court.

If the superior court could only obtain jurisdiction of causes by appeal from the city or some inferior court, there would be more plausibility in this argument than we now think there is. But the superior court is itself a court of original jurisdiction and had jurisdiction of the subject matter of the suit, whether the demand was five hundred dollars or any larger sum, and the suit might as well have been brought to that court in the first instance as to have come there by appeal from the city court; and had it been originally brought there by process defectively served, or even had there been no service whatever, and the defendant had chosen to appear and had taken no advantage of the defective service or the total want of it, and the case had proceeded to trial upon its merits, it is clear that the want of service would be waived, and the jurisdiction of the court over the case would have been ample. The court having jurisdiction over the subject matter, nothing remains to enable it to take jurisdiction of the case but the proper presentation of it to the court, which is done by the pleadings, and that the court should also in some proper mode obtain jurisdiction over the parties. But the parties may as well come before the court and submit to its jurisdiction without the service of process upon them as with such service, and if they do so the jurisdiction of the court is obtained over them, and having ample jurisdiction of the subject matter it may lawfully proceed to the trial of the cause. Now suppose it be admitted, for the sake of the argument merely, that at the time the amendment increasing the amount of damages claimed was made, the defendant was out of court, and could have taken advantage of the defect, as it then stood, either by pleading in abatement of any further prosecution of the suit, or by refusing to appear and answer further to the case, still, as he did not do this, but continued to make his

Fowler *v.* Bishop.

defense to the suit until after a trial upon its merits and a judgment against him, he ought, we think, to be then bound by the judgment. He had no right thus to experiment upon his chances of a favorable result of the trial, and then set it all aside as a nullity if the result should be unfavorable to him. We have no doubt, therefore, that it is now too late for the defendant to take any advantage of this objection, even if we assume it to have been a valid objection when the amendment was first made.

Again, the suit was properly brought to the city court, and was also properly pending there, and was regularly transferred therefrom to the superior court, so as to have been properly pending there at the time the amendment was made. Now if it be true that such an amendment, allowing it to operate as such, would have the effect to oust the superior court of its acknowledged jurisdiction over the case, we should then think that the amendment ought to be treated as a nullity. The superior court, having no authority to make it, ought to be considered, in law, as not having made it, and the suit would then be left pending as it was originally instituted, demanding five hundred dollars damages only. On both these grounds we are clearly of opinion that the superior court had jurisdiction of the cause, without reference to its power by the allowance of an amendment to increase the amount demanded in the declaration. Upon that point we do not intend at this time to express any opinion.

Upon the whole case we are satisfied there is no error in the judgment complained of, and so we advise the superior court.

In this opinion the other judges concurred.