Clapp *v.* City of Hartford.

# SUPREME COURT OF ERRORS.

## COUNTIES OF HARTFORD AND TOLLAND.

SEPTEMBER TERM, 1868.

Present,

HINMAN, C. J., BUTLER, PARK AND CARPENTER, JS.

CALEB CLAPP AND OTHERS *vs.* THE CITY OF HARTFORD.

The charter of the city of Hartford provides that appeals from sewer assessments may be taken to a judge of the Superior Court, who shall have for the purposes of the case all the powers of the Superior Court, and from whose judgments a writ of error will lie. A judgment rendered in such a case was brought before the Supreme Court by the appellees by a motion in error, and the judgment affirmed. The appellees then appeared before the judge and moved that the case be dismissed, on the ground that the provisions of the charter giving a judge of the Superior Court jurisdiction were unconstitutional. This motion was overruled and the appellees brought the record before this court by motion in error. Held,

1. That the motion to dismiss was too late, there being nothing then pending before the judge.

2. That the overruling of the motion to dismiss, if the case had been pending, would not have been a final judgment, and that a writ of error would not lie from it.

3. That if a writ of error would lie, yet as the errors assigned could have been assigned and considered on the former motion in error, the court was not bound now to consider them.

4. That the judge, in sitting upon such appeals, was not to be regarded as constituting a court within the meaning of the article of the constitution which provides that the judges of inferior courts shall be appointed annually.

5. That if to be regarded as constituting a court, yet he was not to be regarded as made such by the city charter, but as a judge of the Superior Court on whom the city charter had conferred jurisdiction in this class of cases.

APPEAL from a sewer assessment. The judgment of *Loomis, J.*, having been affirmed by this court upon a former hearing (*ante* p. 66, February term, 1868,) the parties appeared before the judge on the 22d day of April, 1868, and the City of Hartford, appellee, moved the court "to take no further action in the case, but to dismiss the same, on the ground that the charter of the city, so far it created the court and gave it judicial power, was unconstitutional and void." The motion was overruled by the judge, and the City of Hartford brought the record before this court by a motion in error, assigning as error—1. That the law purporting to establish the court was unconstitutional. 2. That the judge, being a judge of an inferior court, was not appointed by the General Assembly for the term of one year.

*Hamersley*, for the plaintiff in error.

*Hyde* and *Welles*, for the defendants in error.

CARPENTER, J. Strictly speaking this case is not properly before us. The proceedings before Judge Loomis terminated on the 5th day of August, 1867. A motion in error was filed and the record transmitted to the Supreme Court of Errors. The cause was heard at the February term, 1868, and it was adjudged that there was no error in the proceedings. On the 22d day of April following, the parties again appeared before Judge Loomis, and the counsel for the appellees moved that no further action be had in the matter, "on the ground that the charter of the city of Hartford, in so far as it created the court and gave it judicial power, was unconstitutional and void." That motion was overruled, and thereupon the present motion in error was filed. To this motion there are two fatal objections.

1. The cause was not pending when the motion to dismiss the proceedings was made; consequently the judge had no power to allow or disallow it. Final judgment was rendered on the 5th day of August, 1867, and no action upon this motion would have affected the validity of that judgment. In-

deed, no further action could have been had, except, perhaps, to tax costs and issue execution. Such proceedings do not ordinarily lay the foundation for a writ of error.

2. But if the cause is to be regarded as then pending for any judicial purpose whatever, still, the motion in error should not have been allowed. The motion was an interlocutory one to stay further proceedings. It was overruled, but whether any further proceedings were had in the matter does not appear. Overruling the motion was in no sense a final judgment.

Again; the questions involved in the motion might have been heard and determined upon the former trial. That of itself would have precluded the appellees from a hearing had the exception been taken, either by the other party or the court. *Fowler* v. *Bishop*, 32 Conn., 199.

But as the appellants waived all the objections hitherto considered, and argued the cause upon its merits, and as it may be of some advantage to the parties to have the questions discussed authoritatively settled, we will briefly consider them.

The objection to the validity of these proceedings is based upon the assumption that the judge acted as a court within the meaning of the constitution, and that such court was established and created by the city charter. This assumption is not well founded, in respect either to the origin or character of the tribunal in question. In *Trinity College* v. *The City of Hartford*, 32, Conn., 466, note, this court held that the judge was to be regarded as constituting a special tribunal for the particular purpose named, and that a motion for a new trial or other proceeding in error would not lie from his judgment. In the former trial of this case that decision was affirmed; and we further expressed the opinion that the statute, authorizing a motion in error or a motion for a new trial in such cases, did not change the character of the tribunal. (*Ante,* page 73). We now see no reason for changing or modifying our views upon this question. The tribunal, then, although possessing some of the attributes and powers of a court for the time being, was not a court within the meaning of the constitution.

But if the judge below is to be regarded as a court in any sense, we can hardly assent to the proposition that he was constituted such by the city charter. He was a judge of the Superior Court, legally and constitutionally appointed. The city charter conferred upon him jurisdiction of this appeal, as a judge of the Superior Court. It did not create an office and appoint an incumbent, but simply conferred upon an existing officer certain powers and duties. In this we see nothing inconsistent with the letter or spirit of the constitution.

There is no error in the proceeding.

In this opinion the other judges concurred.