VIRGINIA A. PLUMB *vs.* FRANKLIN T. IVES.

Where a husband, having a life estate in land in his own right, conveyed the legal title to the land to his wife by deed, it was holden that the intention of the parties in respect to the estate granted must be gathered from the record, and that, in the absence of any indication in the language used that the parties intended that the estate vesting in the wife should be to her sole and separate use, the law would not supply such an intention, and that therefore the husband, after such conveyance, was entitled to the use, rents and profits of the land in right of his wife, during his life.

Where after such conveyance a crop of tobacco was raised on the land, partly by the labor and means of the husband, and partly by the avails of the land, which was sold and delivered by the husband as his own, and in trespass by the wife against the purchaser the court charged the jury, that if they should find that the tobacco was raised with means and labor substantially furnished by the husband, they would be justified in finding that it was included, and intended to be included, in the transfer, and as to a subsequent purchaser in good faith the transfer would be void, but if raised in like manner by the wife, when severed it would be hers,—Held, that the effect of the charge was to permit the wife to hold the avails of the husband's labor and other means to the exclusion of *bonâ fide* purchasers from the husband, and that in this respect the charge was erroneous. Held also, that the purchaser had constructive notice from the record of the existence of the deed to the wife, but that it was not his duty to inquire into circumstances *dehors* the record which might affect the title, although he knew the husband to be a man of dissolute habits and want of credit.

The doctrine that the circumstances attending a trespass may be given in evidence for the purpose of enhancing damages, though not alleged in the declaration, does not apply where the circumstances of themselves constitute an independent cause of action.

Therefore where in trespass *de bonis asportatis* the declaration contained no allegation of injury to the person of the plaintiff, and there was no claim that the taking of the property was malicious, it was holden that the plaintiff was not entitled to damages for an assault made upon her by the defendant in connection with the taking of the property.

TRESPASS *de bonis asportatis*; brought to the Court of Common Pleas, and tried on the general issue closed to the jury, before *Pardee, J.* Verdict for the plaintiff, and motion for new trial by the defendant for error in the charge of the court. The case will be sufficiently understood from the opinion.

*Fay*, in support of the motion.

*O. H. Platt* and *Lounsbury*, contra.

CARPENTER, J. This is an action of trespass to recover damages for taking and carrying away a quantity of tobacco. The plaintiff is a married woman. The tobacco was raised on land in which her husband once had a life estate in his own right, but which, previous to the growth of the tobacco, had been conveyed to the wife. The plaintiff offered in evidence four deeds, all dated March 23d, 1871, and all describing the same property. Two of them were from the husband to E. Y. Yale, one a warranty and one a quit-claim deed. The others, one a warranty and one a quit-claim, were from said Yale to the plaintiff. The consideration in each of the warranty deeds was $1,000, and in each of the quit-claim deeds was $1. The tobacco was raised on a part of the land conveyed by these deeds during the season of 1871. It was raised by the labor of the husband and his minor son in part, in part by hired labor paid for by the wife from the avails of other products sold from the farm, and in part by labor hired by the husband and not paid for at all. The husband sold the tobacco to the defendant, and delivered the same into his possession. The plaintiff claims that it was hers, and that

the defendant acquired no title by his purchase. The question therefore is one of title. In determining that, it was necessary for the court and jury to consider what interest the plaintiff acquired in the real estate by virtue of said deeds.

The parties agreed that, in the absence of fraud actual or constructive, she acquired an estate for the life of her husband. She claimed that the estate thus acquired was to her sole and separate use, and that she was entitled to the rents free from any control by the husband. The defendant, on the other hand, claimed that on the face of the deeds the property was conveyed to the wife in the ordinary way, and that the husband was entitled to the rents and profits. The court submitted the question to the jury as a question of fact, and instructed them as follows: " But if you find he had in fact any other interest in the property than the right to the use, rents and profits of the land during his life, then by construction of law you would be required to find that that was the interest conveyed by the deeds, and that by the statute the rents and profits were his, and in that case he had a perfect right to sell, and your verdict should be for defendant. But if you find there was no such interest, then I think you should find that these deeds conveyed to the plaintiff the use, rents and profits of this land to her sole and separate use, during the life of the husband."

Now it does not appear that either party contended that the husband had any other interest in the property than a life estate. The charge therefore is equivalent to saying that the deeds conveyed to the plaintiff the use, rents and profits of this land to her sole and separate use. It is possible that that was the intention of the parties; but nothing of that kind appears on the face of the deeds. They only convey to the wife in the usual form whatever estate the husband had. There is no indication in the language used that the parties intended that the estate vesting in the wife should be to her sole and separate use. Will the law supply such an intention? We think not. The only ground for such an inference is that suggested by the court below; that as the husband had only a life estate, if, by operation of law he had a similar estate

after the title vested in the wife, the deed was in effect inoperative, and nothing passed to the wife. But is that so ? In the one case the husband had a life estate in his own right; in the other in right of his wife. The distinction may be, and in some respects is, important and material. Now, in the absence of fraud, it cannot be taken for the debts of the husband; before, it could have been. As it is, in case of divorce the property goes to the wife; as it was, it would have gone to the husband. It is a mistake therefore to suppose that the only way to give effect to the deed is to construe it as vesting an estate to her separate use. We think therefore the court ought not to impute an intention to the parties which may not have been in their minds. Indeed there is some reason for supposing that they had no such intention. A failure to express it in the deed is some ground for inferring that it did not exist. The conduct of the parties, especially the husband, is consistent with the deed as it is, and somewhat inconsistent with the idea of a separate estate in the wife.

The case of *Deming* v. *Williams*, 26 Conn., 226, at the first blush seems to be inconsistent with the views here expressed. But I think it will be seen upon a careful examination of that case that we are not in conflict with it. That was a petition in equity, and related to personal property. The property was conveyed directly from the husband to the wife. Of course the legal title did not pass, and it was necessary to invoke the aid of a court of equity to give effect to the conveyance. The court held, under all the circumstances of the case, that she took a separate estate, and that that was the intention of the parties. In this case the legal title to real estate is conveyed to the wife, not directly from the husband, but through a third party. The intention of the parties in respect to the estate granted must be gathered from the record. The policy of our law is that the state of the title to real property shall appear upon the record. The interest which a grantee takes, even though she be a married woman, and the property conveyed from the husband, should not be an excep-

tion to this rule. The charge of the court therefore in respect to the construction of these deeds was erroneous.

The next question relates to the labor and expense of raising the tobacco. It would seem from the plaintiff's own testimony that the labor was principally performed by the husband, his minor son and two hired men. The two men were paid by the wife with the avails of other products sold from the farm, and with money raised on the credit of the stock and farming utensils on the farm. The manure was made on the farm, and the fertilizers paid for from the avails of stores sold from the farm. This evidence was not controverted by the defendant. Upon this state of the case the jury were told, "If you should find that the tobacco was raised with means and labor substantially furnished by the husband, I think you would be justified in finding that it was included, and intended to be included, in the transfer, and then as to a subsequent purchaser in good faith it would be void ; but if you should find that it was raised in like manner by the wife, then when severed it would be hers."

This charge was hardly adapted to the case. The question was not whether the wife furnished a preponderance, in any degree, of the means and labor, but the real question was whether the property of the wife was kept separate and distinct from the property of the husband, so that the law could throw around it its protecting shield, without at the same time covering the property of the husband to the prejudice of creditors and *bonâ fide* purchasers. Looking at the evidence in the most favorable light for the plaintiff, it must be conceded that the labor and means of the husband contributed largely to the production of the crop, thus mingling as it were the property of the husband with the property of the wife ; and yet the case was submitted to the jury in such a way as to permit the wife to hold to a considerable extent the avails of the husband's labor and other means, to the exclusion of *bonâ fide* purchasers from the husband. We regard the charge in this respect as contrary to the doctrine of this court in *Hinman v. Parkis*, 33 Conn., 188, and contrary to law.

We will in the third place consider the charge of the court with reference to notice, actual or constructive, of the deed to the wife, and the effect of such notice upon the defendant's contract. Here I quote at length from the charge: "If he had actual knowledge that the property had been conveyed to the wife, he could not claim to hold the tobacco on the ground that the transfer as to him was void, for if he had actual knowledge of the facts, he would not be deemed in law a *bonâ fide* purchaser. If he had constructive knowledge of the same fact, he would not be in law a *bonâ fide* purchaser, however innocent he might have been in intent. If these deeds were recorded on the 23d of April, and the defendant had taken a deed purporting to convey the same estate on the 28th or 30th of September, he would be deemed in law to have purchased with notice. But as he did not purchase what appeared by the terms of the deed to be the same, the defendant claims that he can be construed to have notice only that the legal title was in form transferred to her, and that he had a right to presume that the rents and profits, as by the statute and common law, were in the husband, and he had a right to sell. The plaintiff claims that by the record of deeds he is presumed to know that there had been a conveyance, that, being thus put upon inquiry, he is to be conclusively presumed to have the knowledge he would have got if he had inquired. This seems to me a difficult question to decide. On the whole, I deem it my duty to say to you that if you find that the deeds were recorded April 23d, and the purchase of tobacco made September 28th or 30th, that the defendant knew Plumb to be a man of dissolute habits, and a spendthrift, and a man of no credit, you would be justified in finding that he had knowledge of the terms of the transfer. If he had actual or constructive knowledge of the terms of the transfer, he cannot maintain his defence on the ground that the transfer was void."

It is not easy to perceive the exact import of this charge. In the first place the jury were told that if the defendant had actual or constructive knowledge that the property (real estate) had been conveyed to the wife, he would not be deemed

in law a *bonâ fide* purchaser, however innocent he might have been in intent; in the second place they were told that the record of the deeds was constructive notice to him; and in the third place, that if he was not a *bonâ fide* purchaser, "he could not claim to hold the tobacco on the ground that the transfer as to him was void." It is extremely doubtful whether the jury did not understand from this, first, that the defendant had notice of the deed to the wife; second, that he could not therefore be a *bonâ fide* purchaser; and third, that if he was not a *bonâ fide* purchaser, he could not succeed in his defence, irrespective of the question whether the title to the tobacco was in the husband. There is danger therefore that the jury were unintentionally misled, and induced to attach undue importance to the mere matter of notice.

By the words, "terms of the transfer," as used in the latter part of this quotation, the judge must have intended something more than the contents of the deed. This is apparent, not only from the claims of counsel as there stated, but from the fact that he had just spoken of notice of the conveyance, and its effect upon the case. We interpret them therefore as meaning, not only the deeds, but the legal effect which the plaintiff claims should be given to those deeds. This of course involves knowledge in the defendant of the husband's interest in the property prior to the transfer from him, and that knowledge can only be imputed to him upon the supposition that, in purchasing the products of land, it was the duty of the purchaser to inquire, not only as to the state of the title to the land on the record, but into all the circumstances *dehors* the record which may in any way affect the title. Now that is carrying the doctrine of constructive notice to a great length, further, we apprehend, than any adjudged case will warrant us in doing. The title to the land is a circumstance to be considered and weighed by the jury in determining the question of title to the tobacco. And perhaps the defendant may be justly considered as having had constructive notice from the record of the existence of the deed. But, in a matter of this kind, we are not aware of any principle of law that made it incumbent upon him to inquire further, and cer-

tain it is that it would not occur to the mind of an ordinary man, that the dissolute habits and want of credit of the grantor would have any bearing upon the question as to what estate passed from him to the grantee, or as to what his marital rights were in land conveyed to his wife. We do not think that the character and habits of the grantor can limit or qualify the estate granted. This part of the charge therefore cannot be vindicated.

If the land vested in the husband in right of the wife, and his own labor and other means contributed to the raising of the crop, it cannot be said that it belonged to the plaintiff as her separate estate. The questions, therefore, whether the tobacco vested in her husband as her trustee, and if so, whether he could sell without her written consent, do not arise in the case. Nor is it material to inquire whether trespass or trover is the proper form of action; since upon the facts, as they now appear to us, the defendant acquired a good title by his purchase. It is possible however that upon another trial the facts may appear differently. In that event the question might again arise, but the difference in the facts might materially affect the question in its application to the case.

A question of some practical importance arises in this case respecting the rule of damages. As that has been considered by us, and as it may again come up in the progress of the case, we will dispose of it here. This is an action of trespass to personal property simply, and the sole question in the case is a question of title. Each party, so far as we can perceive, in good faith claimed title. The rule of damages in such cases is the value of the property with interest. There is no legal ground for enhancing the damages by reason of malice. The fact that the defendant, in defending his own property as he supposed, injured the person of the plaintiff, does not make this case an exception to the rule, as the declaration contains but a single count, and in that there is no allegation of a personal injury. If the defendant unlawfully trespassed upon the person of the plaintiff, he is liable therefor in a proper action. If he was guilty

of no unlawful violence, he ought not to be subjected to damages in this or any other form of proceeding. The doctrine that the circumstances attending a trespass may be given in evidence for the purpose of enhancing damages, though not alleged in the declaration, does not apply where the circumstances of themselves constitute an independent cause of action.

The ruling of the court therefore in admitting evidence of an injury to the person was erroneous.

A new trial is advised.

In this opinion the other judges concurred.