EDWARD F. COOK *vs.* EMERY MORSE.

A suit brought before a justice of the peace, claiming damages beyond the jurisdiction of the justice, was appealed by the defendant to the Court of Common Pleas, which had original jurisdiction of the subject matter. At the third term after the entry of the case in that court, the defendant moved that it be erased from the docket, on the ground that the justice had had no jurisdiction of the cause, and that the Court of Common Pleas had acquired none by the appeal. The defendant had appeared in the case at the term of the court at which the appeal was entered, and had continued his appearance until the motion to erase was filed; and there was a rule of court requiring all pleas other than the general issue to be filed during the first week of the first term. Held—1. That the case was to be regarded as having been irregularly brought before a court of competent jurisdiction. 2. That the defendant had waived the irregularity and submitted himself to the jurisdiction of the court.

TRESPASS on the case, for fraud in the sale of goods; brought originally before a justice of the peace and appealed by the defendant from the judgment of the justice to the Court of Common Pleas of New Haven County.

The damages demanded in the writ were one hundred dollars, while the jurisdiction of a justice of the peace is limited by statute to fifty dollars. At the third term of the Court of Common Pleas, after that to which the appeal was taken and in which it was entered, the defendant filed a motion to erase the case from the docket, on the ground that the court had no jurisdiction of the case by reason of the want of jurisdiction in the justice of the peace before whom it was originally

brought, and from whose judgment it was appealed.  Upon this motion the court made the following finding of facts :

The cause came to the May term, 1871, of the Court of Common Pleas, by the defendant's appeal from the judgment of the justice of the peace.  The defendant, upon taking the appeal, gave bond with surety, according to law, to prosecute his appeal to effect, and afterwards in due season filed in the Court of Common Pleas certified copies of the files and record of the cause from the justice's court, and the names of the counsel of the respective parties were by them duly entered on the docket of the court, and have been so entered at each succeeding term until the present time.

One of the rules of the court, in force since 1869, is in these words : " Pleadings must in all cases be closed at the first term, and the plea must in all cases be filed during the first week of the term.  Cases in which the plea is not filed as aforesaid, will, in the absence of special order, be considered as standing on the general issue without notice."  Judge Bronson, the judge of the Court of Common Pleas, did not hold court after the January term, 1871, on account of sickness, but court was held during a portion of each term by the judge of another county.

At the May term, 1871, on the first Monday, no judge being present, the court was adjourned until the following Monday, and on that day and the next fifteen consecutive week days, the court was held, a judge being present and trying causes.

At the June term, 1871, the court was adjourned from the 5th to the 12th, from the 12th to the 19th, and from the 19th to the 21st of the month, no judge being present.  A judge was present, and held court on the 21st, 22d, 23d and 24th days of the month.

No motion in the cause was made by either party, and no plea was filed by the defendant at either the May or June terms, and the cause came by regular continuances to the September term, 1871, when the defendant filed his motion to erase the cause from the docket, on the ground that the justice court had no jurisdiction to try the cause.

The court found that the cause was not within the jurisdic-

tion of the justice, because the amount sued for was beyond his jurisdiction, and that the cause would have been within the original jurisdiction of the Court of Common Pleas if originally brought to it, and thereupon overruled the motion, on the ground that the facts constituted in law a waiver; to which the defendant excepted.

The cause came by legal continuances to the March term, 1873, when the plaintiff obtained a verdict and judgment.

The defendant brought the record before this court by a motion in error, assigning as error the ruling of the court against his motion to erase the case from the docket.

*H. L. Harrison*, with whom was *H. F. Hall*, for the plaintiff in error.

1.  The justice court had no jurisdiction over the subject matter of the action, and could do nothing except to dismiss it. The justice could not render any judgment whatever, nor could he allow an appeal. The judgment, the appeal, and all the proceedings in the justice court, were absolutely void. *Gen. Statutes*, 19, sec. 88; *Grumon* v. *Raymond*, 1 Conn., 45, 46; *Slocum* v. *Webster*, id., 438; *Dudley* v. *Mayhew*, 3 Comst., 9; Freeman on Judgments, §§ 120, 121, 525; Bigelow on Estoppel, 141, 142. The defendant could not by waiver, pleading to the merits, nor by actual written consent, confer any jurisdiction upon the justice. *Hurd* v. *Hull*, 1 Root, 505; *Hart* v. *Granger*, 1 Conn., 169; *Perkins* v. *Perkins*, 7 id., 565; *Andrews* v. *Wheaton*, 23 id., 112.

2.  The Court of Common Pleas acquired no jurisdiction by the appeal. *Lyon* v. *Alvord*, 18 Conn., 73; *Bellinger* v. *Ford*, 14 Barb., 250; *Malone* v. *Clark*, 2 Hill, 657; *Ladd* v. *Kimball*, 12 Gray, 139; *Ashuelot Bank* v. *Pierson*, 14 id., 521; There are only two ways by which the Court of Common Pleas can acquire jurisdiction over the subject matter of an action. First; by the regular service of a writ, returnable to the court in the manner provided by statute. Second; by a valid appeal from a justice of the peace who has jurisdiction of the cause, and authority to allow the appeal. The Court of Common Pleas will dismiss an appealed cause, where the

justice may have had jurisdiction, if the record shows that certain statutory requisites have not been complied with; for example, a failure to furnish a surety upon the appeal bond. The Superior Court will dismiss, for want of jurisdiction, an appeal in a criminal cause, from any other than the final judgment of a justice of the peace. Why? Because the justices having no authority to permit such appeals, the causes have not reached the higher courts in the manner provided by statute, and therefore they have no standing whatever upon the dockets of those courts; that is, the courts have no jurisdiction over them. It was not an appealable case, and therefore the Court of Common Pleas could not obtain jurisdiction, even by consent of the parties. *Sweet* v. *Dow*, 1 Root, 409; *Cogswell* v. *Wheaton*, id., 458; *Perkins* v. *Perkins*, 7 Conn., 558, 565; *Wildman* v. *Rider*, 23 id., 172, 176. The only jurisdiction the Court of Common Pleas obtained over this case was appellate. It could not possibly have any other. It cannot exercise appellate jurisdiction when the court below has none at all. All the authorities sustain this doctrine. Did the Court of Common Pleas have any jurisdiction over the case at the opening of the May term, 1871? No. The court by its finding and ruling upon the motion to dismiss substantially concedes that it had no jurisdiction in May, 1871. The argument of the plaintiff's counsel admits this. If the court had no jurisdiction over the cause in May, 1871, how could it acquire it in September, 1871? This court will notice that the defendant claims that the want of jurisdiction was not over the parties, but over the *subject matter* of the action. And it is an inflexible rule that no waiver nor consent will confer jurisdiction over the subject matter of an action, where it does not otherwise exist; and the court, at any stage of the proceedings, must dismiss the cause upon motion of either party, if such failure appears.

3. But the Court of Common Pleas found that jurisdiction was conferred by certain facts constituting in law a waiver. Conceding, however, that the plaintiff in error could have waived the objection, and thus conferred jurisdiction upon the court, the facts found by the court do not constitute

a waiver.  *Hoxie* v. *Home Ins. Co.*, 32 Conn., 40; Bigelow on Estoppel, 506, 524, 525; *Woodruff* v. *Bacon*, 34 Conn., 182, 184; *Fanning* v. *Trowbridge*, 5 Hill, 428; *Seers* v. *Grandy*, 1 Johns., 514. The record does not show that the defendant appeared for any other purpose than to move for a dismissal. It appears that he did do so as soon as any court was regularly held by the judge appointed for the purpose. Lapse of a reasonable time, under the circumstances, does not operate to create a waiver, when the party has performed no act that can be construed into a waiver.

*C. Ives* and *L. M. Hubbard*, for the defendant in error.

1. The defendant, in submitting to the jurisdiction of the justice without objection, and in afterwards taking this case by appeal to the Court of Common Pleas, (which court had original jurisdiction of the subject matter in controversy,) and by answering to the case from the May term, 1871, to the September term, and by taking no exception during that time to the proceedings, waived the illegality, if it existed, of which he now complains. Having himself transferred this case from a court which, he claims, had not jurisdiction of it, to a tribunal that he concedes had, he is estopped from denying in the Court of Common Pleas its authority. Nor should he complain of the proceedings before the justice after making his election to vacate his judgment by his appeal, instead of filing his motion to quash the proceedings in the justice court. *Crone* v. *Daniels*, 20 Conn., 331; *Ives* v. *Finch*, 22 id., 101; *Kellogg* v. *Brown*, 32 id., 108; *Fowler* v. *Bishop*, id., 209; *Woodruff* v. *Bacon*, 34 id., 181; *Pond* v. *Town of Milford*, 35 id., 32; *Steele* v. *Steele*, id., 48; *Town of Vernon* v. *West School District*, 38 id., 112. The various steps required by law to enable a plaintiff to bring a defendant into court, are designed solely for the defendant's benefit; hence he may insist upon or waive them. But this defendant is endeavoring to claim his right to them after he has waived them; which the law will not permit him to do. The parties to this suit voluntarily, and by mutual consent, carried their case to the right court, and it could have made no difference

with the court how they got there, as it had jurisdiction of them and their cause

2. If the defendant desired in the Court of Common Pleas to test the question of the legality of his appeal, he should have filed a plea in abatement during the first week of the May term of the court, 1871. His motion to erase was made too late. This court will not consider questions which might have been raised and settled in an earlier stage of the case. *Ives* v. *Finch*, 22 Conn., 106; *Smith* v. *Lewis*, 26 id., 110; *Nichols* v. *Bridgeport*, 27 id., 459; *Tweedy* v. *Bennett*, 31 id., 276.

3. Pleas in abatement and motions to erase from the docket on account of irregularities in the proceedings, and for causes that do not touch the merits of controversies, are not favored. There is no imperative rule of law which will make it the duty of the Supreme Court to compel this plaintiff to try again the justness and legality of his demand against the defendant, after a full and fair trial by a jury, before the same court that has already heard the parties and their witnesses.

PARK, J. The principal question raised in this case was virtually decided by this court in the case of *Fowler* v. *Bishop*, 32 Conn., 199. The suit in that case was brought to the city court of the city of New Haven, and went by appeal to the Superior Court. In the Superior Court the *ad damnum* clause was increased by amendment to an amount beyond the jurisdiction of the city court, but within the original jurisdiction of the Superior Court. In the argument of the cause before this court, the claim was made that the amendment had the effect to oust the Superior Court of its jurisdiction of the case. Chief Justice HINMAN, in giving the opinion of the court, states the claim as follows: " The claim is made that the amendment operated to oust the Superior Court of its jurisdiction acquired by the appeal, because, it is said, the city court would have had no jurisdiction if the demand had originally been seven hundred dollars, and the amendment relates back to the commencement of the suit, and so excludes

the idea that the city court could ever have had jurisdiction, and so consequently, in point of law, the case was never before that court, and all the proceedings upon it, including the appeal, were a nullity, and conferred no jurisdiction upon the Superior Court."

It will be noticed that the claim of the counsel presented the same question precisely for the consideration of the court that is presented in the case at bar. They insisted that by reason of the amendment the court should consider the case as standing precisely as it would have done if the original declaration in the city court had contained an *ad damnum* clause of seven hundred dollars. If such had been the fact it would be evident that the two cases would be identical in principle.

Judge HINMAN considered the question in this aspect and said : " If the Superior Court could only obtain jurisdiction of causes by appeal from the city or some inferior court, there would be more plausibility in this argument than we now think there is. But the Superior Court is itself a court of original jurisdiction, and had jurisdiction of the subject matter of the suit, whether the demand was five hundred dollars or any larger sum, and the suit might as well have been brought to that court in the first instance as to have come there by appeal from the city court; and had it been originally brought there by process defectively served, or even had there been no service whatever, and the defendant had chosen to appear and had taken no advantage of the defective service or the total want of it, and the case had proceeded to trial upon its merits, it is clear that the want of service would have been waived, and the jurisdiction of the court over the case would have been ample. Now, suppose it to be admitted, for the sake of the argument merely, that at the time the amendment increasing the amount of damages claimed was made, the defendant was out of court and could have taken advantage of the defect, as it then stood, either by pleading in abatement of any further prosecution of the suit or by refusing to appear and answer further to the case, still as he did not do this, but continued to make his defence to the suit

until after a trial upon its merits and a judgment against him, he ought, we think, to be then bound by the judgment. * * * We have no doubt, therefore, that it is now too late for the defendant to take any advantage of this objection, even if we assume it to have been a valid objection when the amendment was first made."

We have quoted thus largely from this opinion because we consider it decisive of the question under consideration.

The appeal in this case was doubtless void; and if the Court of Common Pleas had had jurisdiction of the subject matter of the suit by appeal, and by that only, then the proceedings in that court would unquestionably have been void also. But the court had original and exclusive jurisdiction of the controversy. The case ought to have been brought to that court in the first instance. The declaration was a proper one for such a suit. It was presented to that court, and entered in its docket as a case to be tried. But no service was made upon the defendant that could compel him to appear and answer to it.

This is the most that can be said of the defect. All the proceedings before the lower court may be treated as surplusage, or regarded as explanatory of the reason why the case appeared in the docket of the higher court without service upon the defendant. This is a plain statement of the case.

Now, in addition to the authority already cited, it was held by this court in the case of *Woodruff* v. *Bacon*, 34 Conn., 181, that a defect similar to the present one was cured by the waiver of the defendant, manifested by his appearing and answering to the process. In that case the proceeding had not been signed by proper authority, and consequently no legal service had been made. The case, in effect, was before the court on a naked declaration like the present one.

We are satisfied that this proceeding was not void when it was entered in the docket of the Court of Common Pleas, but that the defect was of such a nature that it could be waived by the defendant.

The only remaining question in the case is, was the defect waived?

We entertain no doubt upon this question. The defendant himself entered the case in the docket of the court as a cause to be tried. He regularly entered his appearance without making any objection on account of the defect of service. He even entered the name of the opposing counsel. Two terms of the court passed, and the cause was regularly continued, and the defendant each term regularly entered his appearance without making complaint. During this time there was a well-known rule of the court which required that unless pleas were entered during the first week of the first term of the court to which actions were brought, it should be understood that the general issue was intended, and that such causes should stand upon that issue, without notice of special matter of defence. No plea was entered in the case, and as a result the defendant, who knew the rule, is to be regarded as having notified the opposing counsel and the court that the plea in the case would be the general issue without notice of any special matter. The general issue has been regarded as a waiver of all defects like the present one.

We are satisfied that the course pursued by the defendant was sufficient to establish a waiver of the defect, and consequently there is no error in the judgment complained of.

In this opinion the other judges concurred; CARPENTER and FOSTER Js., expressing doubt.