## WILLIAM J. PRATT, TRUSTEE, *vs.* JONATHAN W. POND.

The defendant, a constable, upon an execution against *P*, had levied upon and sold a horse claimed by the wife of *P*. In an action of trespass brought by *P*, as statutory trustee of his wife, upon the trial of which the title to the horse was a controverted matter, the judge charged the jury that if they found that the defendant took the horse out of the wife's possession after he had been notified that she owned it, and refused to examine her papers or inquire into her title, and made no effort in any other way to ascertain whether her claim was good, then they might assess such damages as they deemed reasonable, not exceeding the amount claimed in the writ; for the law would give such damages, in case of a grossly negligent or wantonly malicious invasion of the rights of another, as would not only redress the wrong, but punish the wrong-doer. Held to be erroneous.

The question of malice is always one of fact for the jury; and the court here, instead of assuming that certain conduct on the part of the defendant established the fact of malice and so warranted punitive damages, should have left it to the jury to determine from the facts whether malice existed.

TRESPASS for taking and carrying away a horse claimed by the plaintiff to belong to his wife and to be held by him as her statutory trustee; brought to the Court of Common Pleas of New Haven County. The defendant pleaded the general issue, with notice that he took the horse as a constable, upon an execution issued upon a judgment of one Holbrook against the plaintiff in his individual character, that the horse had been the property of the plaintiff and that he had put it out of his hands, with other property, fraudulently to avoid the payment of his debts. The case was tried to the jury, before *Robinson, J.*

Upon the trial the plaintiff claimed that the horse in question was the property of Charlotte E. Pratt, his wife, and was worth $300, and that it had been bought by her of one Clark some three years before; that it was kept in a barn upon premises owned and occupied by her, and that it had been in her possession from the time of its purchase until it was taken by the defendant. The defendant denied that the horse was the property of Mrs. Pratt, or that it was in her possession when taken, but claimed that it belonged to and was in the possession of the plaintiff in his individual capacity, and was lawfully taken on an execution against him, and sold at the post for $40. Evidence was introduced by both sides upon the question of ownership.

The plaintiff claimed that the defendant knew, or had reason to know, before he took the horse, that it was the property of Mrs. Pratt, and that he was entitled to recover exemplary damages for the trespass thus committed, and asked the court so to charge. In reference to this point the court charged as follows:

"If you find for the plaintiff on the whole case, that is, if you find that Mrs. Pratt owned this horse and it was in her possession and that the defendant took it and sold it, you will measure your damages first by the value of the horse itself; after you have determined the value of the horse, you may then inquire whether there are any circumstances in the taking and sale of the horse which denote malice or wantonness on the part of the defendant. An officer in serving process is protected by the law from all liability, except for the actual damage he does, whenever he acts in entire good faith and with ordinary care and caution.

"When he takes property on attachment or execution, he is bound to exercise all reasonable care, and to make due inquiry, so as not to take the property of third parties, and if he fails to do this, the jury may not only allow damages against him for the property taken, but for all other damages which his acts may have produced. And in this case, if you find that the defendant took this horse of Mrs. Pratt's out of her possession after he had been notified that she owned it, that he refused to examine her papers or inquire into her title, and made no effort in any other way to ascertain whether her claim to the horse had any foundation, then you may assess such damages against him as you deem reasonable, not exceeding the $400 claimed in the writ.

"And in estimating these damages you may consider the value of the horse, the special injury she sustained by the loss of it, and also the time, expense and trouble which she has sustained in defending her right by means of this suit. For the law cannot wink at an unlawful invasion of human rights, even by its own officers, and when that invasion is grossly negligent or wantonly malicious, the law will give such damages to the injured party as will not only redress his wrong, but punish the wrong-doer."

---

Pratt *v.* Pond.

---

The jury returned a verdict for the plaintiff for $300 damages, and the defendant moved for a new trial for error in the charge of the court.

*Fowler*, in support of the motion.

*J. T. Platt*, contra.

PARK, C. J. The charge of the court in this case, with regard to the rule of damages to be applied by the jury, is, we think, contrary to the whole current of authority on the subject, not only in this state, but elsewhere. *Oviatt* v. *Pond*, 29 Conn., 479; *Plumb* v. *Ives*, 39 Conn., 120.

The title to the property was in dispute. The judgment creditor claimed that the property belonged to his debtor, who is the nominal plaintiff in this suit, and consequently that it could be taken on the execution to pay his claim; while the wife of the debtor claimed that the property belonged to her. In this state of things the defendant was sent with the execution to levy on the property as the property of the husband; and the court gave the jury to understand that if the defendant took the property out of the possession of the wife without investigating her title to it, and refused to make the investigation after being informed that it belonged to her, his conduct was grossly negligent or wantonly malicious; and they might assess such sum in damages as they deemed reasonable, not exceeding the amount stated in the declaration.

Whether malice exists in a case or not, is always a question of fact for the jury to determine; and the conduct of the defendant in this case could, at the most, only be evidence tending to show malice in the transaction. The court, however, treated the subject as a matter of law, and deemed such conduct sufficient to show a degree of malice that would warrant the jury in assessing as damages the whole sum demanded in the declaration.

We think a new trial ought to be granted, and so advise.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.