JOHN W. PARROTT vs. THE HOUSATONIC RAILROAD COMPANY.

A magistrate, empowered to sign writs, can not sign them in his own case, and a writ is abateable on that ground.

Where however a writ was so signed in a suit brought to the Superior Court, and the defendants pleaded to the merits, and the case had stood for trial upon such plea for nearly two years, when the defendants moved that the case be stricken from the docket because the writ was signed by the plaintiff, it was held that they had waived the objection.

Where the property of the plaintiff was destroyed by a fire caused by the negligence of the defendants, a railroad company, but where there were no circumstances of aggravation, the rule of damages was held to be the value of the property at the time it was destroyed, with interest upon it from that time to the time of the judgment.

This rule is the same whatever the form of action may be.

The interest is not allowed as interest, but as a part of the damages.

TRESPASS ON THE CASE for the destruction of an ice house and its contents by a fire caused by the negligence of the defendants; brought to the Superior Court in Fairfield County, at its December term, 1874. At the same term the defendants pleaded the general issue, and the case stood for trial upon that plea until the September term, 1876, when the defendants moved that the case be stricken from the docket on the ground that the writ was no otherwise signed than by the plaintiff, acting as a commissioner of the Superior Court. The court, *Sanford, J.*, found that such was the fact, but overruled the motion. The defendants then suffered a default and the case was heard in damages before *Hovey, J.*, who assessed the damages at $1,290.30. The defendants filed a motion in error and the plaintiff a motion for a new trial. The points decided by the court will be sufficiently understood without a further statement of the case.

*C. Thompson* and *J. W. Parrott*, for the plaintiff.

*G. W. Peet* and *S. B. Sumner*, for the defendants.

PARK, C. J. The writ in this case was signed by the plaintiff himself, who was at the time a commissioner of the Superior Court, and as such empowered to sign and issue

civil process. We have just held in *Doolittle* v. *Clark,* (ante p. 316,) that an officer authorized to sign writs can not sign them in his own case. If therefore the defendants had pleaded the matter in abatement the writ must necessarily have abated on that ground. They did not however file such a plea, nor in any manner bring the matter to the attention of the court until the case had been in court for nearly two years. The suit was brought in November, 1874, to the December term of the Superior Court, and it was not until the September term, 1876, that the defendants moved that the case be erased from the docket. In the mean time they had, at the December term, 1874, pleaded the general issue, and the case had ever since stood for trial upon its merits. In these circumstances we can not hesitate to regard the objection to the legal signing and issuing of the writ as waived. *Fowler* v. *Bishop,* 32 Conn., 199; *Cook* v. *Morse,* 40 Conn., 544; *Hatstat* v. *Blakeslee,* 41 Conn., 301.

We therefore find no error in the judgment upon the defendants' motion in error.

Upon the plaintiff's motion for a new trial the claim is made that the court below should have allowed interest upon the value of the property lost by him in consequence of the fire caused by the defendants' negligence, from the time of the fire until the time of the judgment.

Whenever a party is liable in damages for the destruction of the property of another he is bound at least to make good the owner's loss. This is the smallest amount of damages which the rules of law allow. In cases of trover where property has been taken the rule is that the plaintiff is entitled to recover the actual value of the property at the time of its conversion by the defendant, with interest on the amount to the day of the judgment. It is only thus that the plaintiff can be made whole. The interest thus allowed is not technically interest, but an addition to the damages of a sum equal to interest. In trespass for taking property, if the case be one where no exemplary damages ought to be assessed, as is the case here, the rule should be the same. If the plaintiff's property is taken or destroyed, the rule as to damages should

be the same, whatever the form of action may be. In *Plumb* v. *Ives*, 39 Conn., 120, the court hold that in trespass, like the present case, the rule of damages is the value of the property with interest upon it, precisely as in trover.

We think therefore that the court below erred in not allowing as a part of the damages, a sum of money equal to interest on the value of the property destroyed by the fire, from the date of the destruction of it to the time the judgment was rendered.

As we are not agreed as to the rule by which the plaintiff's claim for damages for the termination of his lease consequent upon the destruction of the buildings by fire shall be computed, we refrain from expressing an opinion upon that point except upon fuller argument, especially as a new trial may result in a different finding of facts.

We advise a new trial.

In this opinion the other judges concurred.